E. R. JENNINGS *v.* P. G. REYNOLDS.

*Error from Douglas County.*

Money in the hands of a stakeholder (betting on elections being prohibited by statute), must be deemed a mere naked deposit, liable to be reclaimed and recovered by each depositor, on demand, at any time before it is paid over. [See Reynolds *v.* McKinney, *ante.*]

The facts of this case are similar to those in the preceding case of Reynolds *v.* McKinney—both having grown out of the same transaction, and this presenting "the other horn of the dilemma." This action was brought after the garnishment by McKinney.

*John Hutchings*, for plaintiff in error.

*Hendry & Akin*, for defendant in error.

For plaintiff in error, it was submitted:

There was no evidence on the trial, and no finding as to who was elected governor; nothing was known as to the result of the election bet upon, the official canvass not having taken place. The bet was an illegal contract, and executory, and the plaintiff might recover back from the defendant at any time before the contract was executed.

"A bet involving an inquiry into the validity of the election of a public officer is illegal and void on principles of public policy." (*Bunn* v. *Riker*, 4 *Johns.*, 426; *Lansing* v. *Lansing*, 8 *Johns.*, 454; *Fischer* v.

*Yates*, 11 *Johns.*, 23 ; *Denniston* v. *Cook*, 12 *Johns.*, 376 ; *Rust* v. *Gott*, 9 *Cow.*, 169 ; *Wheeler* v. *Spencer*, 15 *Cow.*, 28 ; *Stoddard* v. *Martin*, 1 *Angell*, 1 ; *Tarleton* v. *Baker*, 18 *Vt.*, 9 ; *Smith* v. *McMasters*, 2 *Brown's* [*Penn.*] *C. P. Rep.*, 182.) "And money paid on an illegal contract may be recovered back while the contract is executory." (*Rust* v. *Gott*, 9 *Cow.*, 175 ; *Morgan* v. *Groff*, 4 *Barb. Rep.*, 524.) "If the loser claim money he has deposited on an illegal wager, and claim it even after the wager is decided against him, but before it is actually paid over, the stakeholder is bound to return it to him." This seems to have been held by the courts of most of the states in the Union. 2 *Par. on Con.*, 139 ; *Dunlap's Paley's Agency*, 66 ; *Vischer* v. *Yates*, 11 *Johns.*, 23 ; *Stacy* v. *Foss*, 19 *Maine R.*, 335 ; *Tarleton* v. *Baker*, 18 *Vt.* (3 *Washb.*), 9 ; *Wheeler* v. *Spencer*, 15 *Conn. Rep.*, 28 ; *Moore* v. *Trippe*, 1 *Spencer* (*N. J.*,) 263 ; *McAlister* v. *Hoffman*, 16 *Serg. and Rawle* (*Penn.*,) 147 ; *Forrest* v. *Hart*, 3 *Murphy* (*N. C.*,) 458 ; *Wood* v. *Wood*, *ib.*, 472 ; *Bates* v. *Lancaster*, 10 *Humph.* (*Tenn.*), 138 ; *Perkins* v. *Hyde*, 6 *Yerg.* (*Tenn.*), 288 ; *Shackleford* v. *Wood*, 3 *Ala.*, 37 ; *Wood* v. *Duncan*, 9 *Port.* (*Ala.*), 227 ; *Jeffrey* v. *Ficklin*, 3 *Pike* (*Ark.*), 227 ; *Humphreys* v. *McGee*, 13 *Mis.*, 435 ; *Merritt* v. *Neill*, *Wright's Ohio Rep.*, 472.

But there was no wager at the time plaintiff demanded his money, the money deposited by Prentice having been attached and taken into the custody of the law, and leaving the money deposited by plaintiff alone in the hands of the stakeholder, and alone liable to any risk. The risk on the part of said Prentice had ceased, so far as the wager was concerned. As the case then stood, if the plaintiff won, he would receive

nothing of the money deposited by the other side; but if he lost, the other party to the wager would receive the money deposited by him. The risk was all on the plaintiff's side. In order to constitute a wager, there must be a risk by both parties. *Quarles* v. *The State*, 5 *Humph.*, 561.

· The wager having been rescinded by the attachment, on the part of Prentice, the defendant was simply holding the plaintiff's money in trust, and was bound to return it on demand.

If it is claimed that the stakeholder is *in pari delicto*, and for that reason recovery cannot be had against him, we answer that even where all parties are *in pari delicto*, and the contract is still executory, and "either party paying the money is desirous of rescinding the contract, he may do so and recover back his money." "A distinction is taken where the action is in affirmance of an illegal contract, and the object of which is to enforce its performance; and where the action proceeds in disaffirmance of such a contract, and on the ground that it is void, and seeks to prevent the defendant from retaining the benefit which he has derived from an unlawful act." *Morgan* v. *Groff*, 4 *Barb.*, 527, *and cases there cited.*

But the defendant is not *in pari delicto*, because he is in no way beneficially interested in the result of the wager. *Dunlap's Paley's Agency*, *p.* 67, *and note*; *Vischer* v. *Yates*, 11 *Johns.*, 23.

*Hendry & Akin*, for defendant in error, submitted:

1. The laying of the wager and the depositing of the money were two distinct contracts—the one between the plaintiff and Thaddeus Prentice, the other between

defendant and the said plaintiff and Prentice. The contract of defendant in error was to pay over to the winning party.

2. The agreement between plaintiff and Prentice is fully executed by the payment of the stake to the stakeholder. The money is then placed beyond the control of either party betting. *Story Agency*, § 344; *Yates* v. *Fort*, 1 *Johns.*, 1; *Murdock* v. *Kelborne*, 6 *Williamson*, 408.

3. The money having been paid over by the parties to the wager, and their agreement executed, no action would lie by either party to recover his share, both being *in pari delicto*. *Story's Agency*, §§ 422, 344, 195, 186, 225; *Story's Confl. L.*, §§ 240, 241, 248; 4 *Barb.*, —; 12 *Johns.*, 1; 7 *Johns.*, 23, 434.

4. The agreement by which defendant became a stakeholder is in violation of law—a criminal offense. The criminality consists, not in paying over the stakes, but in receiving them and becoming a stakeholder. *Comp. L.*, 335, § 242; 17 *Mass.*, 258; 13 *Pick.*, 518, 521; 5 *Mass.*, 395; 12 *Metc.*, 397.

5. The illegal contract, whereby defendant became a stakeholder, was completely executed. 5 *Mass.*, 395; 17 *id.*, 258; 12 *Metc.*, 397; 13 *Pick.*, 518.

6. The plaintiff having induced defendant to violate the law, is *in pari delicto* with him, and cannot now rescind the illegal contract, nor invoke courts of justice to interpose to the restoration of his money for his co-offender. Violations of law will not be thus encouraged.

*By the Court*, BAILEY, J.

In this case, money, deposited in the hands of a third person—the defendant in error—by two persons

making a bet on the result of an election then pending for governor of this state, was, before the election was decided, demanded by one of the depositors—the plaintiff in error—and refused to be paid over.

As we have held in the cognate case of Reynolds *v.* McKinney, the money in the hands of a stakeholder, betting on elections being prohibited by statute, must be deemed a mere naked deposit, liable to be reclaimed and recovered by each depositor, on demand. The illegal contract of wager being a nullity, the plaintiff in error had a right to recover back his money, on demand, at any time before it had been actually paid into the hands of the winning party. After it had been paid over, the parties being equally in fault, the law will not assist either. "*In pari delicto pottior est conditio passidentis.*"

The judgment of the court below is reversed.

All the justices concurring.