JAMES S. CLEVELAND v. FREDERICK G. WOLFF.

WAGERS—*Betting on horse-race—Liability of Stakeholder.* Where two persons bet on a horse-race, and deposit their money with a stakeholder, either party may, while the money still remains with the stakeholder, and before the race is determined, demand a return of his deposit; and if the stakeholder refuse, the depositor may maintain an action against him for the amount of the deposit.

*Error from Shawnee District Court.*

WOLFF sued *Cleveland* to recover $200 previously deposited by him with said Cleveland as stakeholder as and for a wager or bet made by *Wolff* on a horse-race. The wager was made with one Joseph Kellam, who bet and deposited a like sum with the defendant. Before the race

had been determined and decided, *Wolff* became dissatisfied, notified the parties, demanded a return of his money, and notified defendant not to pay it to Kellam, or to any one but himself, (plaintiff.)   It was stipulated, on the trial, that when the wager was made it was agreed that said race should be "run on a certain race-course, or track, (naming it,) not in the limits of any incorporated city or village, nor in any highway or road."   Cleveland paid the money to Kellam.   The plaintiff had judgment in the court below, and defendant brings error to this court.

*John Guthrie*, for plaintiff in error:

1. At common law all wagers are recoverable but such as are prohibited by *statute*, such as are against sound policy, and such as tend to a breach of the peace, to immorality, or indecency, or injuriously affect the rights of third persons.   *Morgan v. Pettit*, 3 Scam., 5, 29; *Butly v. Monett*, 57 Eng. Com. Law, 818; 6 California, 359; 1 Denio, 170; 7 Cowen, 252; Chitty on Cont., 495, 712; 2 Browne, (Pa.,) 171; 2 Camp., 436; 3 Camp., 168; 2 Parson's Cont., 138; 22 Texas, 683; and to this effect are the cases in 4 Kas., 94, 110.

2. The legislature of Illinois passed an act to prohibit betting on elections; but the supreme court held in *Morgan v. Pettit*, that "a bet or wager between two citizens of Illinois upon the majority which General Harrison would obtain at the presidential election in the State of *Kentucky* is not illegal; and an action can be maintained by the winner to recover the amount of the wager." Such wager was neither within the statute nor the common-law prohibition.

3. There is no statute in this State against horse-racing, except as provided in §§ 257 and 267, pp. 373, 375, Gen. Stat.; and these sections have no application to the case at bar.

4. If the wager was *lawful*, Wolff cannot recover, because the contract was performed as made. If it was *unlawful*, then Wolff, Kellam, and Cleveland were *in pari delicto*, and the law will not aid either of them. 4 N. H., 286; 37 Cal., 670.

*Martin, Burns & Case*, for defendant in error:

1. Is a wagering or gambling contract legal, and such an one as can be enforced at law? and if not, can a suit be maintained against a stakeholder to recover back the amount of the stake deposited with him when demand was made on him before he had paid over the money to the winner?

The later and better decisions on the first proposition seem to be, that all betting or gambling contracts are void as against the moral sense of the age and against public policy. 2 Smith's Lead. Cas., 6th Am. Ed., pp. 343, 345, and cases there cited. *Brua's Appeal*, 55 Penn. St., 295; *Collamer v. Day*, 2 Ver., 144; *Amory v. Gilman*, 2 Mass., 1; *Babcock v. Thompson*, 3 Pick., 446; *Bell v. Gilbert*, 12 Met., 399; *Hoit v. Hodge*, 6 N. H., 104; *Rice v. Gist*, 1 Strobt., 82; *Edgell v. McLaughlin*, 6 Whart., 176; *Lewis v. Littlefield*, 15 Maine, 233; 2 Pars. on Cont., 3d Ed., p. 139, note *v* and *w*.

As to the second proposition the authorities are all one way. See *Jennings v. Reynolds*, 4 Kas., 110; *Reynolds v. McKinney*, id., 94; 2 Pars. on Cont., 3d Ed., p. 138, and cases above cited.

But the money can be collected of the stakeholder in this case, whether the contract or wager was legal or illegal, because he was notified of the withdrawal of the bet, and the money demanded by the depositor before the event or race was finished or decided. 3 Phil. Ev.,

10th Eng. Ed., p. 354, note 1015; *Eltham v. Kingman*, 1 B. & Ald., 683; *Brandon v. Hibbert*, 4 Campb., 37.

The opinion of the court was delivered by

VALENTINE, J.: The defendant in error, Frederick G. Wolff, and one Joseph Kellam, bet two hundred dollars each on a horse-race, each betting on his own horse, and deposited the money with the plaintiff in error, James S. Cleveland, as a stakeholder. The horses were to run five heats, but before the last heat was run, and before it was determined which of the parties had won, or would win, the said Wolff became dissatisfied, refused to let his horse run the last heat, demanded of the said stakeholder his part of the said money, and notified him not to pay it to any one else. The last heat was run by Kellam's horse alone; Kellam was declared to be the winner, and the stakeholder paid all the money over to Kellam. Wolff then sued the stakeholder for the money he had deposited with him.

The only question that has been raised in this court, or that was raised in the court below, is, whether the stakeholder is liable. At common law, all betting or wagering contracts, which affected injuriously the interests, feelings, or character of third persons, or led to indecent evidence, or were contrary to public policy, or tended to immorality, or a breach of some law, were held to be void; and such is now the law. Formerly, in England, it was supposed that a great proportion of the wagering contracts were not subject to any of said objections, and were therefore not void, but valid. Such is not the case in this country, and at the present day. Now, as a rule, all betting or wagering contracts are considered as inconsistent with the interests of society, at variance with the laws of morality, against public policy,

Cleveland v. Wolff.

and therefore void. The contract between the parties to the wager being void, the stakeholder is held to be the mere agent or bailee of the respective parties, and he holds the money deposited with him subject to their orders. If his authority be not revoked, he may pay it over to the winner without rendering himself liable to an action; but if his authority be revoked by either party before he pays the money over to the winner, he must then return the money to the parties respectively who deposited it with him, and he cannot pay it to any one else· Under the decisions of adjudicated cases, it seems that the stakeholder is not held to be *in pari delicto* with the persons who are the parties to the wagering contract. He does not share in their guilt. That portion of the transaction with which he is connected is innocent; or at most, it is not in violation of any statute, and if in contravention of public policy or morality at all, it is so slightly so that in a suit like this, the rule that the law will leave all who share in the guilt of an illegal or immoral transaction where it finds them, has no application· The betting is wrong, but the depositing the money in the hands of an agent or bailee, to be paid out by him in accordance with the instructions of the depositors, seems to be an innocent transaction. Were it otherwise, another rule might prevail. Were it illegal to deposit the money, then the rule applied in the case of *Dolson v. Hope*, (*ante*, p. 161,) that " courts cannot become auxiliary to the consummation of violations of the law," and the rule applied in some of the cases referred to by counsel for plaintiff in error, would have some application in this case. (But see *Jennings v. Reynolds*, 4 Kas., 110, and Comp. Laws, 335, § 242.)

The judgment of the court below is affirmed.

All the Justices concurring.