WILLIAM N. DUNN v. SAMUEL DRUMMOND.

1. ATTACHMENT AFFIDAVIT—*Amendment.* An attachment affidavit containing merely a clerical error may be amended upon application.

2. WAGER. It is well settled that while a money wager remains in the hands of the stakeholder, either party may call it down and enforce his claim against the stakeholder by suit.

*Error from the District Court of Garfield County.*

*Curran & Campfield,* for plaintiff in error.

*Denton & Chambers* and *S. L. Overstreet,* for defendant in error.

The opinion of the court was delivered by

SCOTT, J.:   On May 17, 1894, plaintiff below filed his petition in the probate court of " O " county, against defendant for $800 money had and received, which defendant agreed to return on demand, and sued out his writ of attachment against the property of defendant.

Afterwards on May 19, 1894, plaintiff by leave filed his amended petition setting up specifically that plaintiff had deposited the $800 with defendant as a stakeholder, as a wager on a horse race, but before the race was run, and while the money was in defendant's hands, plaintiff demanded the return of the same, which was by defendant refused.

The fact that the money had been deposited as a wager was set forth substantially in the affidavit for attachment. By mistake the plaintiff's name appeared in the body of the affidavit for attachment, as the affiant, while the signature at the bottom was that of E. E. Buck, plaintiff's attorney.

On May 18, defendant by his counsel moved to dis-

charge the attachment, because, *first,* the petition did not state a cause of action; *second,* because the grounds set forth in the affidavit for attachment were untrue; *third,* because the affidavit was insufficient in that it did not set forth plaintiff's claim. On May 19, the defendant also filed his affidavit denying the facts stated in plaintiff's affidavit for attachment.

On May 19, plaintiff filed his motion for leave to amend his affidavit for attachment which was by the court overruled.

We are of the opinion that the affidavit for attachment, while awkwardly drawn, was in substantial compliance with the statute, except for the clerical error above mentioned, which plaintiff should have been permitted to amend.

The court below erred in dismissing plaintiff's petition on the ground that it was based on an illegal contract. It is well settled that while the money wagered remains in the hands of the stakeholder, either bettor may call it down, and enforce his claim against the stakeholder by suit.

The judgment of the court below is reversed, and the case remanded for a new trial in accordance herewith.

All the Justices concurring.