PABST BREWING COMPANY v. PAT LISTON.[1]

July 19, 1900.

Nos. 11,905—(6).

**Election Bet—Payment by Stakeholder after Notice.**

It is the universal rule in this country that a stakeholder who pays over money bet upon an election, after notification not to do so, pays at his peril, and an action against him for the money can be maintained by the party giving such notice.

**Notice to Stakeholder.**

In the case at bar it was *held* that the notice given by one of the parties the day after the election, but before the money was paid over, was sufficient to arrest it in the hands of the stakeholder, and amounted to a repudiation of the wager.

**Garnishment against Stakeholder—Demand.**

After the amount in controversy was paid over to the winner, an action as for money had and received would lie against the stakeholder, at the instance of the party giving the notice, without prior demand for repayment. *Held*, that proceedings in garnishment could be maintained against such stakeholder after he had parted with the money, in disregard of the notice not to pay.

Action in the district court for St. Louis county against Pat Liston, defendant, and L. W. Rolleston, garnishee. The garnishee having made disclosure denying indebtedness, plaintiff filed a supplemental complaint, and F. L. Murray intervened. The testimony was taken before a referee, and on his report the court, Cant, J., found in favor of plaintiff and against the garnishee. From an order denying a motion for a new trial, the garnishee appealed. Affirmed.

[1] Reported in 83 N. W. 448.

*Francis W. Sullivan,* for appellant.
*Windom & McMahon,* for respondent.

COLLINS, J.

November 2, 1896, defendant, Liston, and the intervenor, Murray, made a wager upon the result of the congressional election to be held in the sixth congressional district of Minnesota upon the following day, November 3, by each putting into the hands of a stakeholder, Rolleston, the garnishee, the sum of four hundred dollars, to be paid to the winning party when the result of the election was determined. Subsequently this plaintiff sued Liston to recover something over six hundred dollars, and caused a garnishee summons to be served upon Rolleston. Liston lost the wager. The court found from the evidence as follows:

"That after said election, and while said money, and all thereof, was in the hands of said Rolleston, garnishee, said defendant, Liston, notified said Rolleston not to pay the same to said Murray; that said notice has never been modified or withdrawn; that, notwithstanding said notice, said Rolleston did thereafter, and on November 5, 1896, pay over to said Murray the entire stake money so deposited with him; that said Liston never requested said Rolleston to return to him any part of the funds placed by said Liston in said Rolleston's hands on said wager."

The court, as a conclusion of law, found that the plaintiff was entitled to judgment against Rolleston as garnishee for the amount of four hundred dollars so placed in the latter's hands by Liston, with interest.

Counsel for the garnishee questions the sufficiency of the evidence to sustain this finding, but from an examination thereof it is very evident that it warranted a finding that before Rolleston turned over the money to Murray he was notified by Liston not to pay it over to anybody until he was advised so to do by Liston himself. In fact, the parties do not differ particularly as to what was said at one interview after the election,—before the money was paid over, and consequently before the garnishee summons was served,—but they do differ as to whether Rolleston was notified a second time before such service. Whether he was or was not is

not important, for one notification was sufficient; a second was superfluous.

A wager of money is illegal and invalid, as against good morals and sound public policy. Wilkinson v. Tousley, 16 Minn. 263 (299). And as early as 1852, it was held in the then territory of Minnesota that all wagers on the event of an election were illegal and void. Cooper v. Brewster, 1 Minn. 73 (94). Money so wagered may be recovered by the loser of the stakeholder, if the latter has been notified by the former not to pay it over to the winner, and repayment to the loser has been demanded. Wilkinson v. Tousley, supra. It is the universal rule in this country that a stakeholder who pays over money bet upon an election, after notification not to do so by one of the parties, pays at his peril, and, if after such notice the stakeholder disregards it, an action will lie against him for the money. In this particular case the notification given before Rolleston turned the entire sum over to Murray was sufficient to arrest the money in his hands, and it amounted to a repudiation and revocation of the wager, rendering the stakeholder liable if he paid the money to any one but Liston. The four hundred dollars remained a naked deposit in Rolleston's hands, for which an action would lie as for money had and received. This follows from the fact that the wagering contract was illegal and invalid, capable of repudiation by either party.

The question next arises as to the right of the plaintiff to garnish this money. If it had remained in the hands of Rolleston, and had been in his hands when the summons was served, there would be no question at all as to the right of the plaintiff to attach and seize the same by means of the garnishee process; for the amount deposited and due would have been nothing but an ordinary debt, and therefore liable to garnishment. But counsel for the garnishee contends that an action brought by Liston against Rolleston would have sounded in tort, that it could not have been maintained without prior demand, and therefore that garnishee process cannot reach it. But it is to be noticed that no demand would have been necessary as a preliminary to an action by Liston at the time Rolleston was warned by the service of the garnishee summons, for he had already disregarded the notice, and had parted with the money.

A demand upon him by Liston would have been useless. It was therefore unnecessary, and for that reason the liability of Rolleston, which was an indebtedness as for money had and received, was subject to garnishment. Liston could have waived the tort, if his claim against Rolleston was in tort, and could have maintained assumpsit. In such cases there "is no reason apparent why such money may not be secured by garnishment in states where the tort may be waived, and the money recovered by an action of indebitatus assumpsit." 2 Shinn, Attachm. §§ 482, 517b. Rolleston denied all liability on account of the money when he made disclosure, November 30, 1896. The money was then due and payable to the plaintiff, and from that day interest accrued upon it at the legal rate.

Order affirmed.