AMERICAN NAT. INS. CO. v. FAWCETT.

(Court of Civil Appeals of Texas. Dallas. Dec. 20, 1913.)

1. INSURANCE (§ 646*) — LIFE INSURANCE — BURDEN OF PROOF—STATE OF HEALTH.

The burden was not on one, suing on a life policy, to show that she was in sound health at the issuance of the policy, which provided that no obligations were assumed unless insured was in sound health, under Rev. Civ. St. 1911, arts. 4947, 4948, requiring misrepresentations by insured to be material to avoid the contract, and barring such defense unless defendant show at trial that it notified insured, after discovering the falsity of such representations, that it refused to be bound by the policy.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1555, 1645–1668; Dec. Dig. § 646.*]

2. INSURANCE (§ 390*)—LIFE INSURANCE—DEFENSES—ESTOPPEL TO ASSERT.

Where a life insurance company was informed about June, before insured's death in January, 1911, that she was in bad health when insured, and did not then cancel the policy, it was estopped from afterwards denying liability.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1037, 1038; Dec. Dig. § 390.*]

Appeal from District Court, Dallas County; W. F. Whitehurst, Judge.

Action by W. A. Fawcett against the American National Insurance Company. From a judgment for plaintiff, defendant appeals. Affirmed.

M. L. Robertson and W. H. Clark, both of Dallas, for appellant. Ross & Muse, of Dallas, for appellee.

RAINEY, C. J. Action on an insurance policy on the life of Nellie Fawcett, brought by her husband, W. A. Fawcett. The company plead that the policy was procured by false or fraudulent representations, in that she (Nellie Fawcett) represented at the time the policy was issued she was in sound health, when in fact she had consumption, and therefore the policy was void. A trial resulted in favor of W. A. Fawcett, and the insurance company appeals.

[1] The policy provided, in effect, that no obligations were assumed by the company unless the insured was in sound health at the date of issuance. A general demurrer was leveled at the petition, because it did not allege that Nellie Fawcett was in sound health at the date of the issuance of the policy, the contention being that said stipulation was a condition precedent, and an allegation of its existence was necessary for a recovery. We do not agree with this contention of appellant. Whether or not the wife of appellee was in sound health at the date of the issuance of the policy was a subject of defense and proof by appellant, and it did not devolve upon plaintiff to allege and prove that she was in sound health at that time. R. S. 1911, arts. 4947, 4948.

[2] The agent of the insurance company was informed about June before Mrs. Fawcett's death in January, 1911, of her bad health, when the policy was issued, and the appellant is estopped from denying liability, having failed to cancel the policy upon being informed of Mrs. Fawcett's condition; etc.

The evidence does not show conclusively that plaintiff's wife was in bad health when the policy was issued, but was contradictory, and was such that the jury were justified in saying her health was sound at that time; and, in deference to their finding, we affirm the judgment.

Affirmed.