## HILTON *et al.* v. BAILEY.

No. 3738.　Opinion Filed April 13, 1915.

(149 Pac. 863.)

1.　CONTRACTS—Repudiation of Illegal Contract—Liability of Stake-. holder. Where persons have placed money as a wager in the hands of a stakeholder, either party, prior to the happening of the event upon which the wager depends, may repudiate the unlawful contract, demand of the stakeholder the money he has so deposited, and, if it is not returned to him, maintain an action therefor.

2.　PLEADING—Introduction of Evidence—Objection. An objection to the introduction of evidence under the pleading, while not favored by this court, has the same effect as a demurrer to the pleading, and should be sustained when it is clear and certain that pleading assailed utterly fails to state a cause of action, in case it is a petition, or a defense, in case it is an answer.

(Syllabus by Brewer, C.)

*Error from County Court, Murray County;*

*Harry W. Fielding, Judge.*

Action by J. E. Bailey against Charles N. Hilton, wherein Frank Clark intervened. Judgment for plaintiff, and defendant and intervener bring error. Affirmed.

. *Charles N. Allen* and *Walter E. Latimer*, for plaintiffs in error.

*George M. Nicholson,* for defendant in error.

BREWER, C.   Defendant in error, J. E. Bailey, and plaintiff in error, Frank Clark, made a wager of $200 each on a horse race to be run some time thereafter; each depositing his money in the hands of Charles N. Hilton, who had been agreed upon as a stakeholder.   On the day upon which the race was to have been run, Bailey refused to let his horse run, repudiated the contract of wager, and demanded his money back from the stakeholder, who refused to return the same to him.   After such refusal upon the part of Bailey to let his horse run, Clark took his horse around the track alone, claimed the money, and Hilton, the stakeholder, paid the same over to him.   Bailey sued Hilton for the amount so deposited, together with interest at 6 per cent.   Clark came into the case as an intervener, but no argument appears to be made here in his behalf, and, indeed, none could be successfully made. Hilton filed a lengthy answer, which it is unnecessary to discuss, further than to say that it admits the facts as above stated and seeks to show that Bailey had no standing in court because of the illegality of the wagering contract between the parties.   At the trial in the county court, after the jury was impaneled, counsel for Hilton made formal and specific admission of all the allegations contained in plaintiff's petition and offered to assume the burden of proof.   This admission of counsel, however, merely made more specific that which is to be gathered from a careful reading of the lengthy answer.

It seems to be the well-settled law of this and many other jurisdictions that where persons have placed money as a wager in the hands of a stakeholder, either party, prior to the happening of

the event upon which the wager depends, may repudiate the contract, demand of the stakeholder the money he has so deposited, and, if it is not returned to him, maintain an action therefor. The following cases in this court are substantially in point: *Dunn v. Drummond,* 4 Okla. 461, 51 Pac. 656; *Falkenberg v. Allen,* 18 Okla. 210, 90 Pac. 415, 10 L. R. A. (N. S.) 494. See, also, the following from other states: *Cleveland v. Wolff,* 7 Kan. 184; *Reynolds v. McKinney,* 4 Kan. 94, 89 Am. Dec. 602; *Deaver v. Bennett,* 29 Neb. 812, 46 N. W. 161, 26 Am. St. Rep. 415; *Pabst Brewing Co. v. Liston,* 80 Minn. 473, 83 N. W. 448, 81 Am. St. Rep. 275; *Perkins v. Clemm,* 23 Ark. 221; *Bernard v. Taylor,* 23 Or. 416, 31 Pac. 968, 18 L. R. A. 859, 37 Am. St. Rep. 693. And this is in no sense the enforcement of an illegal gambling contract. Until the happening of the event, the illegal contract is still executory, and either party may repudiate it and cease to be bound by its terms; for it is such a contract that the law would not enforce.

There might be something in plaintiff in error's defense, as interposed in the court below and in his argument here, if this unlawful contract had been fully executed and the stakeholder, who is a kind of agent or trustee for the parties, had delivered over the stake before his authority to do so had been revoked by one of the parties. But as it is, his answer constitutes no defense, and the trial court was correct in sustaining the objection to the introduction of evidence under it. This motion—an objection to the introduction of any evidence under the pleading—while not favored by this court, has the same effect as a demurrer to the pleadings and should be sustained, where it is absolutely clear that the pleading, assailed utterly fails to state a cause of action, in case it is a petition, or a defense, in case it is an answer.

We find no error in the ruling of the trial court, and therefore recommend that the judgment appealed from be affirmed.

By the Court: It is so ordered.