## FEDERAL LIFE INS. CO. v. ROBERTS.

No. 11032—Opinion Filed June 12, 1923.

Rehearing Denied July 17, 1923.

(Syllabus.)

1. **Insurance — Action on Life Policy — Defense—Fraud in Application—Burden of Proof.**

Where a life insurance company denies liability on a policy because of fraudulent misrepresentations of the insured in procuring such policy, the mere allegation of fraud is not evidence of same, but merely raises an issue of fact, to be proven as any other fact, and the burden is upon the insurance company to prove such fact.

**2. Same—Absence of Proof of Fraud—Instructed Verdict for Plaintiff.**

Where the policy, together with the application therefor, containing all questions and answers in reference to the health of the insured, all taken together show on their face that the insured was in good health at the time of the delivery of the policy, and same, together with the oral testimony, make a prima facie case; then in the absence of proof of fraud, where fraud is the only defense, it is not error to instruct the jury for plaintiff.

Error from District Court, Cotton County; Cham. Jones, Judge.

Action by J. Oscar Roberts against the Federal Life Insurance Company on insurance policies. Judgment for plaintiff, and defendant brings error. Affirmed.

B. O. Young, for plaintiff in error.

S. I. McElhoes, for defendant in error.

HARRISON, J. This was an action by J. Oscar Roberts, as beneficiary, to recover on two insurance policies of $1,000 each, issued to his wife.

Roberts alleged the issuance and delivery of the two policies to his wife, the date of their issuance and delivery, the sum for which policy was issued, and the premium upon same; alleged that all premiums had been paid and that same had been received by the insurance company; alleged the death of his wife, the insured, and that she had died while such policies were in full force and effect; alleged that he had made proper proof to the company of his wife's death; alleged that he had made demand upon the company for payment of said policies, and that the company had refused to pay same or any part of same, but had offered to return him the amount of premiums with legal interest thereon. To plaintiff's petition, and as part thereof, he attached said policies, together with copies of application for such policies, and also copies of questions and answers in regard to the state of health of insured, and likewise attached all stipulations and proofs which went to make up and constituted the entire contract between the parties.

The defendant insurance company answered by general denial, and further answered, and as affirmative defense alleged the policies to have been procured by fraud and misrepresentation, consisting of the fact that insured had represented herself to be in good health, and especially that she was not a consumptive nor affected with tuberculosis, when in fact she was a consumptive at the time the application was made, and died of consumption or tuberculosis, within two years after the policies were issued; that such policies would not have been issued but for such deception and fraud, and that same having been procured by such deception and fraud, defendant was not liable.

To the answer plaintiff replied, denying the allegations of new matter and denying all allegations not put an issue by the petition and answer. Thus issue was formed as to every allegation presented by the pleadings.

The insurance company objected to the introduction of testimony on the alleged ground that the petition failed to allege facts sufficient to constitute a cause of action; the court overruled the objection, which ruling was excepted to and is assigned here as error; thereupon plaintiff introduced his evidence, consisting of the exhibits attached to the petition and the parol testimony of plaintiff, proved the issuance and delivery and receipt of the policies, the amount of the policies, the date and the premiums due thereon, that all premiums due had been paid, proved the death of the insured and proof of such death to the insurance company; proved that he had made demand for the payment of the policies; that such demand had been refused; proved that they had refused to pay such policies or any portion of same, but that they had offered to return the premiums with interest thereon, and rested.

The insurance company moved for an instructed verdict in its favor, which the court overruled; insurance company excepted, and assigns such ruling as error here.

After overruling the insurance company's motion for an instructed verdict, the plaintiff moved the court to instruct a verdict in favor of plaintiff, and the court sustained such motion and instructed the jury to return a verdict for plaintiff; the insurance company objected and excepted to the action of the court in instructing the jury for plaintiff and assigns same as error here. The jury returned a verdict in favor of plaintiff, and thereupon the court rendered judgment, to which the insurance company excepted and assigns same as error here.

The assignment contains seven alleged errors, but argues the second and sixth under one proposition, and the seventh under the third proposition; the first error assigned, being that the court erred in overruling motion for judgment in favor of the insurance company, being included in the other errors assigned.

The first proposition is that the court erred in admitting any evidence on the part of plaintiff. Plaintiff in error bases this contention and argues same on the theory that objection to the introduction of testimony was equivalent to general demurrer to the petition, citing Cowart v. Parker-Washington Co., 40 Okla. 56, 136 Pac. 153, and Hilton v. Bailey, 46 Okla. 759, 149 Pac. 863.

It has been held repeatedly by this court that objection to the introduction of testimony, especially in the absence of demurrer to the petition, is not favored by this court. The reason for such disfavor is manifest. If the petition is demurred to for failure to state cause of action, then the court has opportunity to have same corrected by amendment, and likewise plaintiff has opportunity to amend; but in the absence of demurrer, plaintiff has no opportunity to amend, nor the court opportunity to pass upon the sufficiency of the petition, and therefore has a right to assume that defects in the petition are waived. But while this court has in properly justifiable cases treated an objection to the introduction of testimony as having the effect of a general demurrer, we will herein treat same as having the effect of a demurrer. In so considering it, we find that the petition contains every essential allegation to a recovery upon the policies. Having heretofore stated the substance of the allegations in the petition, it is unnecessary to repeat them. It will suffice to say that from the allegations in the petition, together with the exhibits attached, containing the policies, the application, and all agreements and stipulations pertaining to and constituting the entire contract, together with the questions and answers, which show on their face that deceased was an insurable risk, we conclude that the petition and exhibits, taken as a whole, allege a clear cause of action; therefore the authorities cited by plaintiff in error to show what courts have done where a petition failed to state a cause of action, are not applicable here because in our opinion the petition herein very clearly states a cause of action.

A number of authorities are cited by plaintiff in error, some by this court and some from other jurisdictions, supporting the contention that it takes the policy and all the stipulations, clauses, and conditions, together with the application, questions and answers, to constitute the entire contract. Authorities on this question are not necessary. Section 3470, Rev. Laws 1910, the statute in force at the time the policies in question were issued, provides:

"That the policy together with the application therefor, a copy of which application shall be indorsed upon or attached to the policy and made a part thereof, shall constitute the entire contract between the parties."

This statute is sufficient authority without any decisions. It is plain and unambiguous. But, admitting same to be the law, yet in this case it is of no benefit to plaintiff in error, for the reason that the fact of the policies themselves being issued, together with the application, containing all the questions and answers pertaining to the health and insurability of the insured, showing on their face that she was in insurable health and that she was free from all fatal maladies, precluded by the provisions, stipulations, and agreements constituting a part of the policy, taken altogether, show a state of facts or a condition which, if proven, would render the company liable.

It was not incumbent upon plaintiff to negative the facts of the insured's good health. In Metropolitan Life Ins. Co. v. Peeler, 71 Oklahoma, 176 Pac. 939, it was held:

"A provision in a life insurance policy that 'this policy (and the application therefor) constitutes the entire contract between the parties and shall be incontestable after one year from the date of its issue, except for nonpayment of premiums,' includes fraud on the part of the insured in obtaining the insurance, and, after one year from the date the policy is issued, the insurance company cannot plead such fraud as a defense to an action brought by the beneficiary under the policy to recover the amount thereof, or in a cross-action to cancel the policy and rescind the insurance contract."

Almost the identical question presented here was presented in that case. Mr. Justice Tisinger, who delivered the opinion, treated the question exhaustively, citing a great number of opinions in support of his conclusion, among which is Wright v. Mutual Benefit Association, 43 Hun, 61, wherein the court said:

"A stipulation like the one under consideration ought to be an incentive for the insurer to exercise vigilance and good faith in investigating the truth or falsity of the representations upon which the policy is issued while the matter is fresh. The witnesses are all alive, and the exact truth can, if ever, be ascertained; and the stipulation prevents the insurer from lying by and receiving the premiums during the life of the insured, and after his death, when the good faith and truth of his representations cannot be supported by his oath, contesting the policy upon

the ground that the insured's representations were false or untrue."

The opinions above cited were dealing with conditions identical in nature with the conditions presented here, and the conclusion in such opinions is but a reflection of the weight of authorities upon the question.

The second proposition includes the third, fourth, and fifth errors assigned, all of which go to the sufficiency of the evidence. Plaintiff took the stand and testified to all the material allegations in the petition and introduced the policies, together with the application, containing all the stipulations and agreements, together with the questions and answers, which show upon their face that the insured was in good health, and, in the absence of proof to the contrary, raised the presumption in favor of good faith, and the presumption of absence of fraud.

We conclude, therefore, that the evidence was sufficient to sustain the verdict and judgment, and that it was not error to instruct the jury to this effect. Therefore the authorities cited under plaintiff in error's second proposition have no application here.

The substance of all the authorities cited is stated in Shawnee Fire Ins. Co. v. Thompson & Rowell et al., 30 Okla. 466, 119 Pac. 985, to wit:

"When the evidence with all the inferences that can be properly drawn from it is insufficient to support the verdict, it is reversible error to overrule a demurrer thereto."

The above rule has no application here in the face of the conclusion that the evidence in this case, being clear and positive as to each and every material allegation and taken as a whole, shows a clear liability upon the policies. Decisions in the cases where the evidence was insufficient have no application.

The third proposition is that the court erred in overruling motion for new trial. This proposition includes all the errors assigned. Plaintiff in error seems to rest upon the theory that, inasmuch as it had pleaded fraud in its answer, it had therefore shown fraud and refuted all the allegations and proof of plaintiff; but the mere allegation of fraud in procuring the policies has no greater effect than to put in issue the question of fraud. The insurance company answered by a general denial and as affirmative, defense to liability, alleged fraud and deceptions in procuring the policies. Plaintiff in his reply denied the answer denied the allegations of fraud, thus the question of fraud was merely made an issue of fact. Plain-

tiff's testimony, together with the presumption raised by the fact of the policies with the attached application, containing all the stipulations, provisions, questions and answers, which upon their face show good faith, proves the cause of action in the absence of proof of fraud. The mere allegation of fraud constituted no evidence of same; it merely put in issue a question of facts which was incumbent upon the insurance company to prove.

In the outset of defendant in error's answer brief it is said:

"There is but one question for the court to consider under the pleadings, and under the evidence, and that is the burden of proof as to the contention of sound health at the time of the delivery of the policies."

Plaintiff in error seems to ridicule this idea, contending that there is no issue of burden of proof involved in the case. In this the plaintiff in error is mistaken; the plaintiff below having, as we have heretofore shown, made out a prima facie case, if the insurance company could escape such liability on the ground of fraud in procuring the policies, the burden was upon it to prove the fraud. The rule is clearly stated in Logan v. N. Y. Life Ins. Co. (Wash.) 181 Pac. 966, to wit:

"When a life insurance policy has been delivered and the first premium paid, the burden is upon the defendant insurance company to show that the policy was delivered while the insured was not in good health."

In support of this rule: Mutual Life Ins. Co. v. Long, 12 Ohio App. Rep. 252; Console v. Prudential Ins. Co., 67 Pa. Sup. Ct. Rep. 52; Knights & Ladies of Security v. Glenn (Fla.) 2 A. L. R. 1503; American National Ins. Co. v. Fawcett (Tex.) 162 S. W. 10; Burgess v. Pan American Life Ins. Co. (Mo.) 211 S. W. 114; Roedel v. Hancock Mutual Life Ins. Co. (Mo.) 160 S. W. 44; Mohr v. Prudential Ins. Co. (R. I.) 78 Atl. 554; Peebles v. Eminent Household (Ark.) 164 S. W. 296; Lee v. Prudential Life Ins. Co. (Mass.) 89 N. E. 529, 17 Ann. Cas. 236; Numaw v. Western & Southern Life Ins. Co. (Ohio) 119 N. E. 132.

In view of the facts presented here and under the authorities herein, it is our conclusion that the court below did not err in instructing the jury to return a verdict in favor of plaintiffs.

The judgment is affirmed.

McNEILL, V. C. J., and NICHOLSON, COCHRAN, and MASON, JJ., concur.