## PERKINS VS. CLEMM.

A stake-holder of money bet upon a race, may recover it by action against a person with whom he has deposited it, though the wager may be illegal and void as between the parties betting.

*Error to Crawford Circuit Court.*

Hon. J. M. WILSON, Circuit Judge.

WALKER & GREEN, for the plaintiff in error.

We maintain:

1. A wager on a turf race is illegal and void. The statute makes all wagers void, and gives to all losers, except those on turf races, a remedy for the recovery of what they lose, leaving the parties to a wager on a turf race precisely in the same situation the parties to illegal wagers stood at common law. And in this view of the statute we are sustained by the construction of the statute of Charles 2, c. 7 *in Shillito vs. Theed,* 7 *Bingham,* 406, or 20 *Eng. Com. L. Rep.* 181.

In South Carolina, New Hampshire, Connecticut and Pennsylvania, all wagers are held unlawful on their clear immoral tendency. *Laval vs. Myers,* 1 *Bailey's Rep.* 486; *Rice vs. Gist,* 1 *Strobhart's Rep.* 82; 3 *N. Hamp.* 152; 6 *Ib.* 104; 16 *S. & R.* 147; 3 *Penn.* 468; 15 *Conn.* 28; and in England it was formerly held that the courts would not try actions upon them. (*Walkhouse vs. Duvaut,* 1 *W. Black.* 19.) And it is now held to be discretionary with a judge, at Nisi Prius, whether he will or will not try them. *Robinson vs. Meaurs,* 6 *D. & R.* 26; *Thornton vs. Thackray,* 2 *Y. & I.* 1561; 1 *Car. & P.* 613; 3 *Car. & P.* 375; 7 *D. & R.* 130.

2. That no action lies at common law upon an illegal wager. or upon a contract incident or subsidiary to it.

" A contract growing out of an illegal transaction, or which is connected therewith, cannot be enforced." *Milne vs. Huber*, 3 *McLean* 212; *Wooien vs. Miller*, 7 *S. & M.* 380; *Simpson vs. Bloss*, 7 *Taunt. or Eng. Com. Law Rep.* 89; *Adams vs. Rowan*, 3 *S. & M.; Brown's Legal Maxims* 350; 25 *Verm.* 184; 15 *Wend.* 412.

Where a contract grows immediately out of, and is connected with, an illegal or criminal act, a court of justice will not lend its aid to enforce it; and if the contract be connected only in part with the illegal transaction, and growing immediately out of it, though it be in fact a new contract, it is equally tainted with it. *Toler vs. Armstrong*, 4 *Wash. C. C.* 297; 11 *Wheat.* 258. *Belding vs. Pitkin*, 2 *Caines Rep.* 147.

3. That plaintiff is not, under any possible view of the law and the facts of the case, entitled to maintain the action.

The Supreme Court of New York, in *Vischer vs. Yates*, 11 *John.* 23, held that where there was a complete execution of the contract, and payment to the winner, the money staked on a void wager could not subsequently be recovered; but that when there was a notice before payment, the stakeholder was liable in an action brought by the owner of the money. This doctrine, however, was disaffirmed by the Court of Errors, who held that no action could be sustained, where a wager was invalid, to recover the money deposited with a stakeholder, EVEN ALTHOUGH BROUGHT AFTER NOTICE AND BEFORE PAYMENT TO THE WINNER. *Yates vs. Foot*, 12 *Johns.* 1. And so the law has stood ever since in that State. *McKeen vs. Caherty*, 3 *Ward* 495; 1 *Denio* 557.

STILLWELL & WOODRUFF, for defendant.

Mr. Chief Justice ENGLISH delivered the opinion of the Court.

*South*, on the one side, and Garret, Barker and Hilburn, on the other, made a bet of $500 a side on a *turf race*, and the

$1,000, so made up and bet upon the race, were placed in the hands of Clemm, as stakeholder. Clemm deposited the money with Perkins, but whether before or after the race is not shown, nor does it appear which side won on the race. After the race was run, Clemm demanded the money of Perkins, who admitted that it had been deposited with him by Clemm, and that it was still in his possession, but refused to deliver it up, whereupon Clemm brought suit against him for the money, obtained judgment, and he appealed.

It is insisted for Perkins, that the wager on the horse race was illegal and void, and that the transaction between Clemm and him was incident or subsidiary to the wager, and likewise illegal and void, and that therefore no action could be maintained upon it by Clemm.

By the first section of our statute, in relation to wagers, (*Gould's Dig. ch.* 78,) a person losing money or property at any game, bet or wager whatever, may recover it by action against the *winner*.

By the second section, the heirs, executors, etc., or creditors of the loser, are given the same remedy against the winner.

By the third section, nothing in the two preceding sections is to be so construed as to enable any person to recover back money or property lost on a *turf race*.

By the fourth section, all contracts based upon a gaming consideration are void.

The counsel for appellant insists that the third section is no qualification of the fourth, which, for the purposes of this case, may be conceded, without deciding the question.

Assuming that a wager upon a *turf race* is illegal and void, and that incident and subsidiary contracts are likewise void, does it follow that the contract between Clemm and Perkins was of that character?

Clemm was a mere stakeholder, and not a party to the race or betting, and the depositing of the money, held by him, in the hands of Perkins, was an independent transaction, in no way connected with the wager, or in furtherance of it.

It is held by the great current of authorities that the loser of money upon an illegal wager may recover it of a stakeholder at any time before he pays it over to the winner, and that it does not lie in his mouth to say that the wager is illegal, and keep the money.   2 *Parsons on Contracts* 138; *Chitty on Contracts* 542; *Evarts vs. Georgia*, 18 *Vernet* 15; *McKee vs. Manice*, 11 *Cushing* 358; *Hutchings & Co. vs. Stilwell*, 18 *B..Mon.* 776; *Alford vs. Burke*, 21 *Geo.* 40; *Conklin vs. Conway*, 18 *Penn. St. R.* 329; *Bates vs. Lancaster*, 10 *Humph.* 134; *Ivey vs. Phifer*, 11 *Ala.* 535,

In *Visher vs. Yates*, 11 *John R.* 28, Judge Kent, in a well considered and able opinion, maintained the same doctrine, but he was overruled by a divided senate, in *Yates vs. Foot*, 12 *John* 11, where it was held that a party to a wager, who puts money in the hands of a stakeholder, may recover the money of him before the transpiring of the event on which the wager is to be determined, but not afterwards.   In *Like vs. Thompson*, 9 *Barbour* 316, it was admitted that *Yates vs. Foot* was contrary to the English decisions, though it had been followed in New York.

If the stakeholder cannot resist the recovery of the money of him on the ground that the wager was illegal and void, it seems to us to follow, with more force, that a person with whom the stakeholder deposits the money, and who is still further removed from the illegal transaction, cannot be heard to say that he will not surrender the money to the stakeholder, but will keep it because the contract between them is subsidiary to the wager.

Whether the losers of the money in this case will be prevented from recovering it from the stakeholder under the 3d section of the statute, or whether the stakeholder will be bound to pay it over to the winner, we need not decide, as the parties are not before us, nor the question necessarily raised.   It is sufficient to decide in this case that Clemm was entitled, upon the evidence introduced, to recover the money of his immediate bailee.   It was proven upon the trial that Hilburn, one of the parties to the wager, and who put part of the money in the

hands of Clemm, had demanded the whole of the money of Perkins before this suit was commenced—but it does not appear that he had any claim to the whole sum staked upon the race, and such demand by him was no excuse for Perkins to withhold the money from Clemm.

There was also an attempt to show that Perkins had loaned White a part of the money which he staked upon the race, and it is insisted that Perkins had the right to retain the money so loaned by him to White; but the proof of the loan is too unsatisfactory to make it necessary to decide any legal question growing out of it.

The judgment, being right upon the whole record, must be affirmed, and the parties to the wager must be left to settle the matter between themselves and the stakeholder.