ABNER G. GILMORE *vs.* M. P. WOODCOCK.

Waldo.   Opinion January 29, 1879.

*Betting. Gambling. Forfeiture. Stakeholder. Locus penitentiæ.*

Money deposited with a stakeholder on a bet upon the election of the President of the United States may be recovered, by the party depositing it, from the stakeholder, provided he gives notice to the stakeholder of his purpose to reclaim it before it has been actually paid over to the winner.

While the money remains in the hands of the stakeholder, there is to this extent a *locus penitentiæ* for the contrite gambler, which his liability to forfeit the amount wagered to the city or town of his residence will not deprive him of so completely as to prevent his withdrawing the money from the hands of the stakeholder, when nothing has been done by the city to enforce the forfeiture.

ON EXCEPTIONS.

Writ dated March 29, 1877.

ASSUMPSIT on money count, and account annexed to writ, as follows :

"M. P. Woodcock, to A. G. Gilmore Dr.   To two hundred dollars put into his hands as a bet on election with Asa A. Howes,

which said $200 I demanded of said Woodcock as my money, he then saying that he had the money and should pay it to Howes, said Howes having told me at one time that he would not pay the bet."

Plea, the general issue.

Abner G. Gilmore, plaintiff, called by counsel, testified : " At one time I deposited with this defendant $200, on a bet. I demanded the money March 2d, that would be Friday. Mr. Woodcock did not give me the money. He said he had not paid it over."

Cross examined. "I put the money into defendant's hands for him to keep till I called for it. I put it in to make a bet on the presidential election of 1876. The bet at that time was on the electoral vote, on the result of the election. I cannot tell particularly what was said between Howes and myself when I put the money into defendant's hands. I bet $200 that Tilden would be elected president of the United States. I suppose Tilden was a candidate. I put the $200 into Woodcock's hands as stakeholder. Mr. Howes bet that Hayes would be elected."

Ques. " What did you tell Mr. Woodcock to do in case Hayes should be elected ? "

Ans. " Probably I told him to pay it to Howes ; I do not recollect. If Tilden was elected, the money was to be paid to me."

No other testimony was put into the case, and thereupon the court, on motion of the defendant, ordered a nonsuit; and the plaintiff excepted.

*W. H. McLellan*, for the plaintiff.

*Thompson & Dunton*, for the defendant.

If the plaintiff is entitled to recover, it must be by virtue of some statute. R. S., c. 4, § 69, is the only statute against betting or wagering on the result of any election.

The above statute is penal and should be strictly construed. *Beals* v. *Thurlow*, 63 Maine, 9. Esp. on Pen. Stat. c. 1.

The clause in the 69th section, R. S., c. 4, " under penalty of forfeiting," prescribes the condition under which the parties made

the bet or wager, to wit: the loss of the money or property bet or wagered.

Forfeiture is a punishment annexed by law to some illegal act, or negligence, in the owner of lands, tenements, or hereditaments, whereby he loses all his interest therein, and they become vested in the party injured, as a recompense for the wrong sustained. To lose the right to by some fault, offense or crime. 2 Black. Com. 267. Webster's unabridged dictionary.

When the conditions of the bet were agreed upon and the money deposited in the hands of the defendant as stakeholder, the bet or wager was consummated; and the money so bet was forfeited or lost to the plaintiff and at the same time it became vested or fixed in the city. The money then was the property of the city of Belfast, and the city, through its mayor, could have maintained an action for its recovery. R. S., c. 4, § 70.

Unless the statute means what it says, and the city is entitled to the money forfeited and can recover it by action, as prescribed in § 70 *id.* then the said statute is practically inoperative.

If the city is entitled to and can recover the money, then certainly this plaintiff cannot prevail in this action, for two cannot maintain separate actions at the same time for the same money.

BARROWS, J. It was long ago settled in this state that all betting is illegal; yet the losing and therefore penitent gamester has never been denied a remedy, either by the courts or the legislature. It seems to have been thought that his folly and ignorance were sufficiently punished by the direct penalties to which he was liable, and by his being compelled to base his claim to retrieve his loss upon grounds generally regarded as derogatory both to his honor and his understanding.

It is plain that there can be no legal objection to permitting a party to an illegal transaction to withdraw from it while it is still incomplete. Hence the stakeholder has been held liable to the loser for the money deposited in his hands, where he has been notified by him not to pay it over to the winner at any time before it was actually paid, even though the stakeholder was an infant, his infancy being held not to be a bar to an action of trover for the wrongful conversion of the plaintiff's money under such circumstances. *Lewis* v. *Littlefield,* 15 Maine, 233.

Nor does it make any difference in such case that the notice to the stakeholder and demand upon him for the money were subsequent to the happening of the event on which the wager depended. *Stacy* v. *Foss*, 19 Maine, 335.

It is true that, when the money has once been paid over to the winner, it cannot be recovered, unless a remedy is given by stat ute. But that is not this case. Betting on elections is declared illegal by R. S., c. 4, § 69. It is placed on the same footing with other gambling, and is certainly not less mischievous.

Under the original statute, (c. 172, approved April 16, 1841,) the parties betting each forfeited " a sum equal to " the wager, to the use of the city or town where he resided, to be recovered by an action of debt in any court competent to try the same. No transformation which the statute has undergone in the process of revision indicates any intention on the part of the legislature to change the substance of the forfeiture, though the form of action has been changed to case. It is not merely the identical money wagered which may be pursued ; it might not always be possible to identify or trace it. The action by the city must, in any event, be brought within a year, according to the provisions of R. S., c. 81, § 90, and it must be against a party making the bet. The liability of the plaintiff to a judgment in favor of the city against him for an equivalent amount cannot affect his right of action against the stakeholder, when it does not appear that the fund has been in any way impounded in the stakeholder's hands to meet the city's judgment. Unless the necessary legal steps have been taken to enforce a forfeiture, a man whose money or property is liable to forfeiture under the law is still entitled to all the remedies that the law gives him for the protection of his rights in it.

It is no part of the duty of the stakeholder to enforce the penalty in favor of the city, nor can he avail himself of the plaintiff's liability to the city as a defense to this action, upon any testimony here developed.

*Exceptions sustained. Nonsuit*
*set aside. New trial granted.*

APPLETON, C. J., WALTON, DANFORTH, PETERS and LIBBEY, JJ., concurred.