WILLIAMS v. KAGY.

Opinion delivered February 27, 1928.

1. GAMING—BETTING ON ELECTIONS—Betting on the result of elections, including primary elections, is illegal and void, under Crawford & Moses' Dig., § 3890, making it a misdemeanor to bet on the result of any general, special or primary election in this State.

2. GAMING—RECOVERY OF BET.—The provision in Crawford & Moses' Dig., § 4899, that a bettor may recover money or property from the winner by a suit within 90 days after payment of the money or delivery of the property, does not apply to a stakeholder nor affect his liability to a bettor who requests return of the wager while the contract is executory, but applies only to the bettor after execution of the contract.

3. GAMING—RIGHT TO RECOVER BET.—One making a bet as to the result of primary election to nominate a candidate for the office of sheriff is entitled to recover amount of the wager deposited with the stakeholder, under Crawford & Moses' Dig., § 3890, where he requested its return before the stockholder had paid it over to the winner.

Appeal from Sebastian Circuit Court; *J. Sam Wood,* Judge; reversed.

*W. L. Curtis,* for appellant.

*James B. McDonough, Jr.,* and *James B. McDonough,* for appellee.

HUMPHREYS, J.    This suit was brought in the Fort Smith District of Sebastian County by appellant against appellees to recover $1,000 posted by him as a bet or wager with J. D. Kuykendall that John B. Williams would receive more votes for sheriff than Pink Shaw in the Democratic nominating primary election held on the 10th day of August, 1926.   It was alleged that, a few days before the election, appellant and J. L. Kuykendall made a bet, and each posted a wager of $1,000 with R. H. Kagy, cashier of the City National Bank, as stakeholder, with instructions to deliver the entire amount, or $2,000, to appellant if John B. Williams won, but to J. L. Kuykendall if Pink Shaw won; after the primary, and while a controversy was pending with reference to which candidate received the greater number of votes, and while the wager was still in the hands of the stakeholder, appellant notified R. H. Kagy to return to each one of the bettors the amount he had deposited as a wager, and that Kagy returned the $1,000 to J. L. Kuykendall but refused to return the $1,000 to him, and, instead, deposited said amount to the credit of J. L. Kuykendall in a special fund or deposit in the City National Bank, under agreement that it should not be subject to check.

Summons was issued and served upon R. H. Kagy on December 13, 1926, and upon J. L. Kuykendall and the City National Bank on January 13, 1927.   On March 5, 1927, R. H. Kagy and the City National Bank filed an answer, denying the material allegations of the complaint, and alleging that the wager was placed in the hands of R. H. Kagy as stakeholder under agreement that the total amount should be delivered to J. L. Kuykendall if Pink Shaw was elected next sheriff in the Democratic primary election of Sebastian County, but, if not, to appellant.   They further denied any liability either to appellant or J. L. Kuykendall, or that they had any interest in the litigation, or had ever asserted any right

to the money, or that it was incumbent upon them to decide which was entitled to the wager. They admitted that, after receiving notice from appellant to return each his money, they returned $1,000 to Kuykendall, but placed the other $1,000 deposited by appellant in a special fund with the understanding that it should abide decision of a court.

J. L. Kuykendall filed a separate answer, specifically denying that he made a wager with appellant or posted any money with R. H. Kagy for that purpose.

The cause was submitted upon the pleadings and testimony, at the conclusion of which each asked for a peremptory instruction in his favor, and asked no other instructions. The court instructed a verdict in favor of appellees, which the jury returned, and upon which judgment was rendered dismissing appellant's complaint at his cost, from which is this appeal.

The bill of exceptions reflects, according to the undisputed testimony, that appellant and J. D. Kuykendall bet $1,000 on the result of the race for sheriff between John B. Williams and Pink Shaw in the Democratic primary election held in Sebastian County on the 10th day of August, 1926, and posted $1,000 each with R. H. Kagy, cashier of the City National Bank of Fort Smith, as stakeholder, under agreement that the entire amount should be delivered to appellant if John B. Williams should win and to J. D. Kuykendall in case Pink Shaw should win the nomination. A controversy arose between the two candidates as to which was nominated, resulting in a contest in court, which was decided in favor of Pink Shaw. While the money was still in the hands of the stakeholder, appellant notified him to return each the amount he had posted or deposited with him. After receiving the notice, R. H. Kagy returned $1,000 to J. D. Kuykendall, but refused to return appellant the $1,000 he had posted with him, but placed it in a special fund or deposit in the City National Bank in the name of J. D. Kuykendall, with the understanding that it was not subject to check and to remain intact and abide the decision

of a court as to whom it belonged. It was discovered in the course of the trial that J. L. Kuykendall had nothing to do with the bet. J. L. was the father of J. D. Kuykendall, who made the wager. J. D. Kuykendall was not made a party to the suit.

Appellant contends for a reversal of the judgment upon the theory that the common-law rule prevails in Arkansas with reference to the recovery of money from a stakeholder on illegal wagers. Betting on the result of elections, including primary elections, is contrary to statute, and void in this State. Section 3890 of Crawford & Moses' Digest makes it a misdemeanor to bet on elections. It reads as follows:

"Every person who shall make any bet or wager upon the result of any general, special or primary election in this State, shall be deemed guilty of a misdemeanor, and upon conviction shall be fined any sum not less than $50."

Even before the passage of the statute quoted, this court ruled, in the case of *Jeffrey* v. *Ficklin and Bennett,* 3 Ark. 227, 36 Am. Dec. 456, that wagers upon elections then pending are calculated to endanger the peace and harmony of society and have a corrupting influence upon the morals, and are contrary to sound policy. In that case the court quoted with approval the doctrine announced by Comyn on Contracts, as follows:

"It is a general rule that, if the contract be executed and both parties *in pari delicto,* neither of them can recover from the other the moneys bet; but if the contract continues, and the party is desirous of rescinding it, he may do so, and recover back the deposit. And this distinction is taken in the books, viz.: Where the action is an affirmance of an illegal contract, for the performance of an engagement *malum in se,* it can in no case be maintained. But, where the action is in disaffirmance of such a contract, and, instead of endeavoring to enforce it, presumes it to be void, and seeks to prevent the defendant from retaining the benefit which he derived from an

unlawful act, then it is consonant to the spirit and policy of the law that he should recover.''

In the case of *Perkins* v. *Clems,* 23 Ark. 221, this court said:

''It is held by the great current of authorities that the loser of money upon an illegal wager may recover it of a stakeholder at any time before he pays it over to the winner, and that it does not lie in his mouth to say that the wager is illegal, and keep the money.''

In 12 R. C. L. page 765, paragraph 67, the rule is stated as follows:

''While there is some authority to the effect that the courts will not entertain an action by the loser on a bet against the stakeholder after the event by which the bet is determined, almost all the authorities hold that, if money or property is placed in the hands of a stakeholder, to abide the result of a bet, or as a forfeit to bind parties to an illegal contract, it may, while it remains in his hands, be arrested by the bailor before or after the happening of the event on which the money is to be paid or the forfeiture depends.''

The Arkansas case of *Jeffrey* v. *Ficklin and Bennett, supra,* is cited in support of the rule.

The Legislature of our State has enlarged the general rule by statute so that the loser of money or property may recover same from the winner if suit is brought for it in ninety days after payment of the money or delivery of the property so lost. Section 4899, Crawford & Moses' Digest. This statute has no application to a stakeholder nor in any way affects his liability to a bettor who repents and requests the return of his wager while the unlawful contract is executory. It only applies to bettors after the execution of the unlawful contract.

Appellee insists that the bettors as well as the stakeholders are *in pari delicto* and that courts will not interfere in favor of either. This was the case under the common law rule with reference to executed unlawful wagers, or in suits to enforce such unlawful wagers, but not in suits for rescission of executory unlawful wagers.

The trial court should have instructed a verdict for appellant, under the undisputed facts in the record.

The judgment is therefore reversed, and judgment is directed to be entered here against appellees and their bondsmen for $1,000, with interest at six per cent. per annum from December 13, 1926.