CLEMMER MOTOR CO. *v.* TOWLER *et al.*

(*Knoxville,* September Term, 1942.)

Opinion filed November 13, 1942.

CHAS. C. GUINN, of Benton, and RUEL R. WEBB, of Eto-
wah, for appellant.

R. A. DAVIS, RALPH W. DUGGAN, and H. M. GREGORY, all
of Athens, for appellees.

MR. JUSTICE DEHAVEN delivered the opinion of the
Court.

Complainant seeks by its bill herein to recover of de-
fendants a cashier's check in the amount of $1,125 issued
by the Ducktown Banking Company, payable to the order
of complainant. It is alleged in the bill that M. E. Clem-
mer, one of the partners of the complainant company, lost
this check to one Mack Towler in a game of dice; that
defendants C. M. Wise and C. L. Williams were accom-
plices of Mack Towler in this gambling venture; that
the check was delivered to Wise and was endorsed by
him over to Williams, who obtained the cash thereon in
violation of sections 7814 and 7815 of the Code of Ten-
nessee. Defendants Wise and Williams made answer
and denied the material allegations of the bill. On the
hearing, the chancellor found the issues in favor of de-
fendants and dismissed the bill. The Court of Appeals

affirmed the decree of the chancellor. Complainant has filed its petition for *certiorari* and assigned errors.

There is little, if any, conflict in the evidence as to the material facts of the case. The chancellor found that the proof shows that Wise was present during the dice game and that he was stakeholder and scorekeeper for the parties, Clemmer and Towler, who were gaming, and that when the amount of the check was lost to Towler he (Wise) was directed by Clemmer to surrender it to Towler, first endorsing it in regular order; that the following morning, Wise asked Williams to accompany him to Ducktown to get the check cashed. This he did, and identified Wise at the bank, and for that purpose endorsed the check, and the bank paid the same to Wise; that neither Wise nor Williams received for themselves any part of the proceeds of the check.

Wise (complainant's witness) testified that he turned over the proceeds of the check to Towler; that Clemmer told him (Wise) "now you can turn the check over or get it cashed."

There is a concurrent finding of the chancellor and the Court of Appeals to the effect that there is no proof of a conspiracy upon the part of the defendants; that Williams was not a party to the dice game and received no part of the proceeds of the check, and did not know that the check was a stake held by Wise at the time it was cashed. Likewise, there is a concurrent finding to the effect that Wise was a stakeholder and cashed the check in question and delivered the money to the winner, without any notice from the loser not to deliver the stake. The rule seems to be that the loser in a game of chance may retract his bet and recover the stake from the stakeholder when he makes demand on the stakeholder before payment to the winner. *Perkins* v. *Hyde*, 14 Tenn. (6

Yerg.), 288, 289, 294; *Bates* v. *Lancaster*, 29 Tenn. (10 Humph.), 134, 51 Am. Dec., 696.

Complainant insists that Wise was "scorekeeper" as well as stakeholder. It appears that Clemmer would execute his check for $100 from time to time, to Towler, who would cash the same and then Towler would pass the check to Wise to be held against the cashier's check placed in his hands by Clemmer. This procedure did not change the character of Wise's holding of the check as stakeholder. It is asserted that Wise was an aider and abettor in the game. In a criminal prosecution this question might arise. But, this is a suit to recover from Wise the cashier's check, held by him as stakeholder, the proceeds of which was paid over to the winner by him without notice from the loser not to do so.

It is contended by complainant that defendants "negotiated" the check in question in violation of Code, section 7818, which section reads: "Any person who negotiates for value, and without giving notice to the purchaser, any negotiable instrument, founded in whole or in part on any gaming or wagering consideration, is guilty of a misdemeanor."

Defendants did not "negotiate" the check. They merely presented it for payment. Such presentation was not a negotiation. *Figuer* v. *Fly*, 137 Tenn., 358, 377, 193 S. W., 117. Furthermore, the check was not "founded" in whole or in part on any gaming or wagering consideration. On the contrary, it was a cashier's check issued by the bank and presented for payment, duly endorsed by the payee.

*Certiorari* denied.