The principal question of law presented is whether the facts pleaded in the plaintiff's amended petition show that the action was not brought within the period allowed by the statutes of limitation.
The defendant takes the position that the plaintiff, in delivering his bond to the defendant, lost it pursuant to plaintiff's unlawful agreement to pay money lost at gaming, which agreement Section 5965, General Code, declares void; that any cause of action to recover it arose immediately upon the delivery of the bond; and that such cause of action was barred by virtue of the statutes of limitation as to gambling, Section 5966 et seq., General Code, and by the statute of limitation as to conversion.
The plaintiff contends that this is not a suit to recover money or other thing of value lost at gaming; that the bond was delivered as security for the payment of his gambling debt which is void under the statute; that the pledge agreement was likewise void for lack of consideration; that by reason of those circumstances the defendant became a gratuitous bailee of the bond subject to its redelivery on demand; that the plaintiff made such demand on October 15, 1940; and that as a result of noncompliance with such demand a cause of action for conversion arose to which the four-year limitation, prescribed by Section 11224, General Code, is applicable.
The judgments of the Common Pleas Court and the *Page 92 
Court of Appeals in this case result in an unjust enrichment of the defendant. They permit him, by his own wrongful act of conversion, not only to have payment of the plaintiff's gambling debt but the proceeds of plaintiff's bond of a value of over double the amount of the debt. Such a result should not obtain unless the applicable rules of law clearly decree otherwise.
At common law one who makes a wager with another may always withdraw from the wager and retain or recover his property or money before it goes into the hands of the winner, even after the result of the wager is known. So long as the title to the property or money has not passed to the winner, the loser may repudiate the wager and retain his money or property or recover it in a common-law action.
This principle of law is illustrated in cases where the parties to a wager have placed their property or money in the hands of a stakeholder to await the result of the wager, and the loser, before his property is delivered or his money is paid to the winner, demands its return. One who places money or property in the hands of a stakeholder may, while such money or property remains in the stakeholder's hands, withdraw his wager or repudiate the illegal contract, under which the money or property was deposited, and demand the return of such money or property, and if the stakeholder refuses to return the money or property the loser may bring an action against him for its recovery. Thornhill v. O'Rear, 108 Ala. 299, 19 So. 382, 31 L.R.A., 792; Williams v. Kagy, 176 Ark. 484,3 S.W.2d 332; Hardy v. Hunt, 11 Cal. 343; Alford v.Burke, 21 Ga. 46, 68 Am. Dec., 449; Kearney v. Webb, 278 Ill. 17, 115 N.E. 844, 3 A. L. R., 1631; Reynolds v. McKinney,4 Kan. 94, 89 Am. Dec., 602; Martin v. Francis, 173 Ky. 529,191 S.W. 259, L.R.A. 1918F, 966, Ann. Cas. 1918E, 289;Gilmore v. Woodcock, 69 Me. 118, 31 Am. *Page 93 
Rep., 255; Pabst Brewing Co. v. Liston, 80 Minn. 473,83 N.W. 448, 81 Am. St. Rep., 275; Deaver v. Bennett, 29 Neb. 812,46 N.W. 161, 26 Am. St. Rep., 415; Clemmer Motor Co. v.Towler, 179 Tenn. 295, 165 S.W.2d 581; Tarleton v. Baker,18 Vt. 9, 44 Am. Dec., 358.
Permitting such a recovery is not a recognition of the illegal contract but a recognition of the right to repudiate it. Kearney v. Webb, supra. That rule is applicable even though there is a statute declaring gambling contracts void. Diggle v.Higgs (1877), 2 Ex. D., 422, 46 L. J. Q. B., 721, 37 L. T., 27, 42 J. P., 245, 25 W. R., 777, C. A.
In the case at bar, the delivery of the bond by the plaintiff to the defendant was not in payment of the gambling debt, but was merely an attempt to secure its payment. The plaintiff alleges in his petition, and we are bound by the facts alleged therein, that "he deposited with the defendant a certain * * * bond * * * to secure the payment of an alleged debt * * * for money lost in a game of chance * * * which debt the plaintiff was not legally or morally bound to pay." Those allegations present no implication of payment. "Pledge" and "conversion," set out in the petition, are wholly inconsistent with "payment."
One of the necessary elements of a contract of pledge is a valid and effectual debt or obligation to the pledgee.Gray v. Thomas, 163 S.C. 421, 161 S.E. 743. Since the claimed debt of the plaintiff to the defendant was void as a gambling debt, there was no valid consideration for a contract of pledge. All gambling contracts are specifically made void by Section 5965, General Code. Title to the bond did not pass to the defendant but remained in the plaintiff. In fact, the defendant acquired no interest whatsoever in the bond. Brinley
v. Williams, 189 Okla. 183, 114 P.2d 463. See Holman v.Ringo, 36 Miss. 690. *Page 94 
On this subject, 41 American Jurisprudence, 591, Section 11, says:
"If the obligation which is purported to be secured is invalid or ineffectual for any reason — for example, lack of lawful consideration — effect will not be given to the transfer of property which purports to secure it [J. E. Burke Co. v. Buck, 31 Nev. 74, 99 P. 1078, 22 L.R.A. (N.S.), 627]. Accordingly, where it appears that shares of stock were transferred to secure a gaming debt, the conclusion is that the transferee cannot be considered as having the rights of a pledgee." Citing Menardi v. Wacker, 32 Nev. 169, 105 P. 287. See annotation, 22 L.R.A. (N.S.), 627.
The defendant in the instant case became a mere custodian of the bond and the plaintiff, still invested with title, could repudiate the alleged contract of pledge and recover his bond on demand immediately or at any time within the appropriate period of limitation. Only where payment has been made or where a contract in violation of the gambling laws of the state has been executed by performance is the loser in a gaming transaction precluded from rescinding the transaction and recovering his money or property. Cooper v. Rowley, 29 Ohio St. 547,549. Section 5966, General Code, precludes recovery beyond six months only where the loser "pays [the money wagered] or delivers it [other thing of value wagered] or a part thereof, to the winner." (Italics supplied.)
These principles have been enunciated by text writers and are supported by judicial authority.
"The broad principle * * * that when parties enter into an illegal agreement the courts regard them as in pari delicto and consequently will leave them where they find them, affording no relief to either of them either in law or equity, is subject to a number of exceptions, one of which is that where a contract prohibited *Page 95 
by law is not malum in se, but malum prohibitum, and has not been fully executed, either party may rescind the contract and have relief in justice both in law and equity. The principle upon which the exception is made is that the policy is best subserved by granting a locus penitentiae to a party, and by permitting him to disaffirm the contract, prevent the execution of it, and authorize the party so disaffirming to recover money paid or grant to him equitable relief against the enforcement of the contract. * * *
"This broad rule has also been varied by statutory changes which allow money won by gaming or betting to be recovered at law by the loser, but independent of the statute so long as theillegal acts remain wholly unexecuted, the party parting withhis money may repent, abandon his contract and recover back themoney paid, the law's aim being to prevent wrong doing by encouraging such repentance and abandonment." (Italics supplied.) 9 Ohio Jurisprudence, 386, 387, Section 163. See annotation, 3 A. L. R., 1635; Brown v. Timmany, 20 Ohio, 81;Stevens v. Cincinnati Times-Star Co., 72 Ohio St. 112, 154,73 N.E. 1058, 106 Am. St. Rep., 586; 2 Restatement of Contracts, 1122, Section 605.
"The courts allow a party who, though he is in pari delicto,repudiates the agreement while it is executory to recoverwhatever he has given thereunder, the recovery being, not under the agreement, but in disaffirmance of it, on a promise implied or a right existing independently thereof. Accordingly, it has been held in many cases that where the matters called for in the agreement that render it illegal do not involve moral turpitude, but are merely mala prohibita, either party, while it remains executory, may disaffirm it on account of its illegality and recover back money or property that he has advanced under it. So long as it is *Page 96 
entirely unexecuted in that part which the law forbids, there is a locus poenitentiae." (Italics supplied.) 12 American Jurisprudence, 732, Section 216; 2 Restatement of Contracts, 1122, Section 605; Congress Empire Spring Co. v. Knowlton,Jr., et al., Admrs., 103 U.S. 49, 26 L.Ed., 347; Bernard v.Taylor, 23 Ore., 416, 31 P. 968, 37 Am. St. Rep., 693, 18 L.R.A., 859; Harrington v. Boschenski, 140 Md. 24,116 A. 836.
Since the deposit of the bond was made under a mutual mistake of law or under circumstances which transferred no title to the defendant, his possession of the bond did not become wrongful, in the sense that there was a denial of plaintiff's title to it, and the statutes of limitation did not begin to run in his favor until the plaintiff demanded the return of the bond (6 American Jurisprudence, 425, Section 340) or until the defendant denied the title of the plaintiff to the bond by its conversion. See annotation, 47 A. L. R., 183; In re Parsell'sEstate, 184 Mich. 522, 151 N.W. 714, Ann. Cas., 1917A, 1160;Reizenstein v. Marquardt, 75 Iowa 294, 39 N.W. 506, 9 Am. St. Rep., 477, 1 L.R.A., 318; Whitehead v. Gormley,116 Okla. 287, 245 P. 562, 47 A. L. R., 171, and annotation; Bogle'sAdmr. v. Thompson, 230 Ky. 538, 20 S.W.2d 173.
The demand for the return of the bond was made on the 15th day of October 1940 and the petition was filed on the 14th day of April 1944, within the four-year period of limitation provided in Section 11224, General Code. On the other hand, the petition does not show that the conversion of the bond by the defendant occurred more than four years before the filing of the petition. The presumption would be that the conversion occurred within the period of limitation and, therefore, the demurrer to the petition should have been overruled.
The judgment of the Court of Appeals is reversed *Page 97 
and the cause is remanded to the Common Pleas Court for further proceedings according to law.
Judgment reversed.
WEYGANDT, C.J., SOHNGEN and STEWART, JJ., concur.
TURNER, MATTHIAS and ZIMMERMAN, JJ., dissent.