HOUSER, ADMX., APPELLEE, *v.*
OHIO HISTORICAL SOCIETY, APPELLANT.

[Cite as Houser v. Ohio Historical Society (1980),
62 Ohio St. 2d   77.]

(No. 79-988—Decided April 16, 1980.)

*Messrs Addison, Gammon & Boord* and *Mr. James R. Addison,* for appellee.

*Messrs. Milligan, Milligan & Milligan* and *Mr. Fred J. Milligan, Jr.,* for appellant.

HERBERT, J.   Appellant contends that by virtue of the provisions of former G.C. 8619,[1] appellee's ownership of the chattels in question became vested in appellant upon the expiration of the five-year period set forth in the statute.

We agree with the Court of Appeals that G.C. 8619 was a statute of frauds. *Richter & Phillips Co.* v. *Queen City Mfg. Co.* (1951), 156 Ohio St. 143, 101 N.E. 2d 291. As such, appellant's failure to plead it as an affirmative defense constitutes a waiver. Civ. R. 8(C); Civ. R. 12(H); cf. *Mills* v. *Whitehouse Trucking Co.* (1974), 40 Ohio St. 2d 55, 320 N.E. 2d 668.

Appellant argues, however, that the defense was tried by the express or implied consent of the parties, and that, under Civ. R. 15(B), the issue must be treated as if it had been raised in the pleadings.

Appellant's proposition in this regard is premised mainly upon the parties' stipulation, submitted to the trial court on remand of the case, that the loan agreements were not recorded in conformity with the terms of G.C. 8619. However, the record indicates that prior to the stipulation, appellee challenged appellant's assertion of this defense on the ground that it

---

[1] G.C. 8619, enacted as R.S. 4197, effective April 29, 1891 (recodified as R. C. 1335.03, and repealed on July 1, 1962), provided at all times relevant herein:

"When goods and chattels remain for five years in the possession of a person, or those claiming under him, to whom a pretended loan thereof has been made, they shall be the property of such person, unless a reservation of a right to them is made to the lender in writing, and the instrument recorded within six months after the loan is made, in the recorder's office of the county where one or both of the parties reside, or unless such instrument is filed as provided by law with respect to chattel mortgages. But if a loan of goods and chattels is made to an art museum association within this state, such reservation of a right to them may be so made and recorded at any time within five years from the date of the loan."

had been waived. Furthermore, the terms of the stipulation agreement itself indicate that appellee specifically contested the admissibility of any evidence relative to G.C. 8619. Accordingly, we conclude that appellee did not consent, within the meaning of Civ. R. 15(B), to the trial of this issue.

Appellant urges further that the Court of Appeals erred in *Houser* v. *Ohio Historical Society, supra* (55 Ohio App. 2d 241), by concluding that appellee's cause of action is not barred by the statute of limitations.[2] Appellant avers that the Court of Appeals has failed to follow *Keithler* v. *Foster* (1871), 22 Ohio St. 27,[3] and has thereby undermined the statutory safeguards against fraud upon which statutes of limitation are founded.

A fair interpretation of the language of the instant bailment agreement shows that appellee loaned the Putnam artifacts to appellant for one year or more, to be returned upon proper demand. This was an indefinite term and, in such circumstances, a bailee is not in default until the requisite demand for the bailed chattels is made, and the applicable statute of limitations does not begin to run against the bailor's cause of action until such time. *Gehres* v. *Ater, supra* (148 Ohio St. 89); 172 A.L.R. 693, 701-702.

We are aware that in some jurisdictions, where a demand is a condition precedent to the return of bailed property and no fixed time for the demand is agreed upon, the bailor will not be permitted to postpone the demand indefinitely so as to defeat the policy of the statute of limitations. 8 American Jurisprudence 2d 1178, Bailments, Section 292; Annotation, 57 A.L.R.

---

[2] Notwithstanding that this proposition of law relates to a prior judgment of the Court of Appeals in this matter, we may choose to pass upon the question at this time. *State, ex rel. Bd. of Edn.,* v. *State Bd. of Edn.* (1978), 53 Ohio St. 2d 173, 175, 373 N.E. 2d 1238; paragraph two of the syllabus in *Pengelly* v. *Thomas* (1949), 151 Ohio St. 51, 84 N.E. 2d 265.

[3] The syllabus in *Keithler* v. *Foster* (1871), 22 Ohio St. 27, provides:

"[1.] A cause of action against a sheriff, for not paying money collected by him on execution, does not accrue until demand is made on him for payment; and the statute of limitations begins to run from the time of demand.

"[2.] Such demand, however, must be made in a reasonable time, and, if no cause for delay is shown, should be made at least within the time limited by the statute for bringing the action; and, in the absence of special circumstances, if no demand be shown within that time, it will be presumed to have been made at the expiration of that period, so far as regards the statute of limitations."

2d 1044, 1046, 1052, Sections 2, 4; see *Hamrick* v. *Indianapolis Humane Society* (C.A. 7, 1959), 273 F. 2d 7, certiorari denied, 362 U.S. 919. Instead, a duty rests with the bailor to make a demand, within a reasonable time, for the return of the property, the issue of reasonableness to be determined by the facts and circumstances of each case. Annotation, 57 A.L.R. 2d 1044, 1053, Section 5; *Lowney* v. *Knott* (1956), 83 R.I. 505, 120 A. 2d 552; *Campbell* v. *Whorisky* (1898), 170 Mass. 63, 66-67, 48 N.E. 1070. In Ohio, and in a majority of other jurisdictions, a reasonable time within which the demand must be made is ordinarily presumed to be the period of the statute of limitations applicable to the bailor's cause of action for return of the property. Annotation, 57 A.L.R. 2d 1044, 1054, Section 6; *Keithler* v. *Foster, supra; West* v. *American Tel. & Tel. Co.* (1940), 311 U.S. 223 (applying Ohio law), 132 A.L.R. 956, 966-967; *Gossard* v. *Gossard* (C.A. 10, 1945), 149 F. 2d 111; *Slack* v. *Bryan* (1945), 299 Ky. 132, 184 S.W. 2d 873. This general rule is subject, however, to the well-recognized exception that a demand will not be presumed if to do so would be contrary to the express terms of the agreement between the parties, or if the circumstances indicate that the parties contemplated a quick demand or an unusual delay in making the demand. Annotation, 57 A.L.R. 2d 1044, 1054, Section 6; *e.g., Barer* v. *Goldberg* (1978), 20 Wash. App. 2d 472, 582 P. 2d 868; *Smith* v. *Middle States Utilities* (1940), 228 Iowa 686, 293 N.W. 59; *Johnston* v. *Keefer* (1929), 48 Idaho 42, 280 P. 324; *Daugherty* v. *Wheeler* (1890), 125 Ind. 421, 25 N.E. 542; 54 Corpus Juris Secundum 68, Section 142.

In *Keithler* v. *Foster, supra* (22 Ohio St. 27), this court recognized that the rule imposing a presumed demand is not inflexible in that a cause may present "special circumstances" which provide relief from application of the rule.

In summary, where a bailment agreement specifies a period of "one year, or more," for the return of loaned chattels, and states that the chattels may be retrieved by the bailor "upon presentation of this receipt," a cause of action for the return of the bailed property does not accrue until the receipt has been presented.[4]

---

[4] It is unnecesary for us to determine whether the applicable statute of limitations

Accordingly, the judgment of the Court of Appeals, where not inconsistent with this decision, is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.

is R. C. 2305.06 (fifteen-year limitation on an action brought upon a contract in writing), or whether this cause is governed by R. C. 2305.09 (four-year limitation on an action to recover personal property), as in either case the instant suit was timely commenced.