DECISION AND JUDGMENT ENTRY
Appellants Carson and Frances Newman appeal a judgment entered by the Pike County Common Pleas Court in a quiet title action. They assert the following errors:
ASSIGNMENT OF ERROR I
 THE TRIAL COURT ERRED BY PERMITTING PLAINTIFF-APPELLEE TO ORALLY MODIFY A WRITTEN LAND INSTALLMENT CONTRACT IN VIOLATION OF THE STATUTE OF FRAUDS AND THEN QUIETING TITLE IN FAVOR OF PLAINTIFF-APPELLEE BASED ON AN EQUITABLE INTEREST IN THE MODIFIED CONTRACT.
 ASSIGNMENT OF ERROR II
 THE TRIAL COURT ERRED IN QUIETING TITLE IN FAVOR OF THE VENDEE OF A LAND INSTALLMENT CONTRACT WHEN THE VENDEE BREACHED THE TERMS OF THE ORIGINAL LAND INSTALLMENT CONTRACT.
 ASSIGNMENT OF ERROR III
 THE TRIAL COURT ERRED IN RENDERING FINAL JUDGMENT IN FAVOR OF PLAINTIFF-APPELLEE BEFORE AFFORING [sic] DEFENDANTS-APPELLEES OPPORTUNITY TO PRESENT A CASE IN DEFENSE OF PLAINTIFF-APPELLEE'S COMPLAINT.
Finding no merit in these assignments of error, we affirm the trial court's judgment.
 I.
In November 1992, appellee Carla Woolridge contracted to purchase real property located in Pike County from appellants via a land installment contract. The purchase price of the property was $33,000 with $10 paid as a down payment upon execution of the contract, the remaining principal balance and interest at 10% per annum payable in monthly installments of $325 beginning on December 10, 1992, and a lump sum "down payment" of $5,000 due by January 31, 1993. The land installment contract was recorded shortly thereafter.
Prior to January 31, 1993, appellee contacted Mr. Newman and informed him that she was unable to pay the $5,000 down payment as required by the contract. According to appellee's testimony, Mr. Newman agreed to modify the contract and allow appellee to pay $400 per month without requiring the $5,000 down payment. This modification was never memorialized in writing.
Appellee made monthly payments to appellants for several years and made several improvements to the property. When appellee attempted to sell her interest in the property, she learned that there were several liens on the land and that appellants did not have clear and marketable title. Appellee filed suit to quiet title and determine her interest in the property.
Following a bench trial, the court found that appellee, as the vendee under a land installment contract, held an equitable interest in the property, equal to the amount of purchase money paid by her ($9,851.57 as of January 28, 1998), which would ripen into the right to conveyance of legal title from appellants upon satisfaction of the contract. To the extent that the value of the property might increase above the original contract price, the court noted that appellee would hold additional equity in the property.
The court also found that appellants have an interest in the real property as holders of legal title to it and a beneficial estate in the property to the extent of the unpaid purchase price ($24,346.04 less the principal amount of any payments made subsequent to the trial). The court further found that appellee's vendee's lien on the property had higher priority than all other liens and mortgages except for appellants' mortgage to First National Bank and the real estate taxes due to the Pike County Treasurer. The court also determined the order of priority of those liens and mortgages that attached to the property after the land installment contract was recorded. Appellants filed a timely appeal from this judgment.
 II.
In their first assignment of error, appellants assert that a land installment contract cannot be orally modified under R.C. 1335.05 which codifies the statute of frauds. R.C. 1335.05 provides that "[n]o action shall be brought * * * upon a contract or sale of lands, tenements, or hereditaments, or interest in or concerning them, * * * unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or some other person thereunto by him or her lawfully authorized." Appellants assert that the orally modified contract is not enforceable and cannot be a basis for title to be quieted in appellee.
We note, however, that Civ.R. 8(C) relates to affirmative defenses and states that:
 In pleading to a preceding pleading, a party shall set forth affirmatively * * * statute of frauds * * * and any other matter constituting an avoidance or affirmative defense.
The failure to plead the statute of frauds as an affirmative defense constitutes a waiver of that defense.Houser v. Ohio Historical Society (1980), 62 Ohio St.2d 77,79; McSweeney v. Jackson (1996), 117 Ohio App.3d 623, 629;Ford v. Tandy Transp., Inc. (1993), 86 Ohio App.3d 364,381. In this case, appellants failed to raise this affirmative defense in their answer or in any pretrial motions. According to our review of the record, the statute of frauds defense was not raised until appellants filed their trial brief. While appellants could have moved to amend their responsive pleading pursuant to Civ.R. 15(A), they did not. This constitutes a waiver of the statute of frauds as an affirmative defense. McSweeney at 629. Therefore, the trial court did not err in determining that a valid contract existed between appellee and appellants despite the oral modification. Appellants' first assignment of error is overruled.
 III.
In their second assignment of error, appellants assert that the trial court erred in quieting title in favor of appellee because appellee breached the terms of the original contract. Appellants assert that because appellee failed to make the $5,000 down payment required by the contract and because the oral modification is unenforceable under the statute of frauds, the court erred in quieting title in favor of appellee.
As we noted, appellants failed to timely raise the statute of frauds defense in their pleadings. Therefore, the court did not err in failing to apply the statute of frauds to bar the oral modification made to the contract. Based on the oral modification, appellee was no longer required to make the down payment and, therefore, was not in violation of the land installment contract. Appellants' second assignment of error is overruled.
 IV.
In their third assignment of error, appellants argue that the court erred in rendering final judgment in favor of appellee without affording appellants an opportunity to present a case in defense. We disagree.
It is a fundamental doctrine in the law that a party who is to be affected by a judgment must be allowed its "day in court." See Southward v. Jamison (1902), 66 Ohio St. 290,312-313; Kingsborough v. Tousley (1897), 56 Ohio St. 450,461. This requires that a party have notice of a claim against it and an opportunity to defend against that claim. See Southward at 313; Feuchter v. Keyl (1891),48 Ohio St. 357, 366. Appellants concede that they were given notice of the claim against them but maintain that they were not afforded the opportunity to defend.
After appellee rested her case on the day of trial, appellants moved for a directed verdict. The court indicated that it would issue a written decision and defense counsel stated, "Your honor, just so I can reserve for the record, we've not put on our case yet." Defense counsel further stated that "we're not waiving any rights to put on our case." The trial court then gave each party ten days to submit a brief.
In their post-trial brief, appellants asked the court to find that the contract was not orally modified and permit appellants to evict appellee from the property. Following the trial and the post-trial briefs, the court issued a decision on March 16, 1998, which the Newmans appealed to this Court. Woolridge filed a motion to dismiss the original appeal as being untimely filed.
Appellants' memorandum contra to the motion to dismiss argued that the March 16 decision was not a final appealable order, and thus the appeal was premature rather than late. Apparently, appellants had filed a notice of appeal to protect their rights even though they were not convinced the March 16 order was final and appealable. In their memorandum, appellants argued that they had requested a final appealable order from the trial court but the court had not complied because the trial court felt that the March 16 order was final and appealable. We dismissed the original appeal after finding that no final appealable order existed. On remand, the trial court issued its second judgment entry, which is the focus of this appeal.
Significantly, at no point after the March 16, 1998 order was issued did appellants request the opportunity to present evidence or object to the court's issuance of an order before presentation of the defense case. See Statev. Williams (1977), 51 Ohio St.2d 112, 117, vacated on other grounds (1978), 438 U.S. 911 (holding that appellate courts need not consider an error which the complaining party "could have called, but did not call, to the trial court's attention at a time when such error could have been avoided or corrected by the trial court") . Rather, appellants actually encouraged the trial court to issue a final order so that they could begin the appeals process. Furthermore, even after this Court dismissed the original appeal, appellants still did not request a hearing in which to present their own case. Based on this series of events, we cannot find that appellants were denied their "day in court." Rather, it appears that appellants waived their right to be heard.
Furthermore, even if the court did err in not permitting appellants to present evidence, the rule of "invited error" prevents appellants from relying on such error in this instance. The rule of "invited error" prohibits a party who induces error in the trial court from taking advantage of such error on appeal. Hal ArtzLincoln-Mercury, Inc. v. Ford Motor Co. (1986), 28 Ohio St.3d 20, paragraph one of the syllabus; 5 Ohio Jurisprudence 3d (1978), Appellate Review, Section 543 et seq.
Here, appellants asked the trial court to declare its March 16, 1998 order to be final and appealable, knowing they had not yet presented their case. As appellants "invited" the trial court to rule prior to hearing the defense case, appellants cannot now rely on this error to argue for a reversal. Likewise, appellants never requested such an opportunity on remand. Therefore, appellants' third assignment of error is overruled.
Having found no merit in any assignment of error, we affirm the trial court's judgment.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellants costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pike County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
Kline, P.J. Evans, J.: Concur in Judgment and Opinion.
 __________________________ Wililliam H. Harsha, Judge