DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellants, Carl and Eleanor Stuart, appeal the decision of the Lorain County Court of Common Pleas, which granted summary judgment in favor of appellee, Bank of New York. This Court affirms.
 I. {¶ 2} On July 7, 1999, appellants signed a promissory note in favor of Countrywide Home Loans, Inc. ("Countrywide"), d/b/a America's Wholesale Lender. That note was secured by a mortgage on the real property subject to this action. On August 7, 2003, a loan modification agreement was entered into *Page 2 
between appellants and Countrywide which amended and supplemented the original promissory note and mortgage signed by appellants on July 7, 1999.
 {¶ 3} On May 16, 2005, Bank of New York, as Trustee for the Certificateholders of CWABS Series 99-3 and Mortgage Electronic Registration Systems, Inc., solely as nominee, Successor in Interest to Countrywide Home Loans, Inc., d/b/a America's Wholesale Lender filed a complaint for money, foreclosure, and other equitable relief in the Lorain County Court of Common Pleas against appellants and other parties.[1] The complaint sought to foreclose on a mortgage from appellants and Vicki Stuart to America's Wholesale Lender securing a note in the original amount of $88,000 dated July 7, 1999. Appellants filed an answer to the complaint in which they denied that appellee was the lawful holder of the July 7, 1999 note of the loan modification, or that appellee was the assignee of the mortgage securing those notes. Therefore, appellants contended that appellee had no legal right to file suit to foreclose on the real property.
 {¶ 4} Appellee filed a motion for summary judgment which was supported by an assignment dated October 19, 2005, in which Countrywide Home Loans, Inc., d/b/a America's Wholesale Lender assigned all of its interest in the mortgage to appellee, as Trustee for the Certificateholders of CWABS Series 99-3. *Page 3 
Appellants filed a memorandum in opposition to appellee's motion, and on June 6, 2006, the trial court granted summary judgment in favor of appellee.
 {¶ 5} Appellants timely appealed the trial court's decision, setting forth three assignments of error for review.
 II. FIRST ASSIGNMENT OF ERROR "THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY GRANTING SUMMARY JUDGMENT WHEN IT CONSIDERED EVIDENTIARY MATERIAL RELATING TO TRANSACTIONS AND EVENTS WHICH OCCURRED AFTER THE COMPLAINT WAS FILED."
 SECOND ASSIGNMENT OF ERROR "THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY GRANTING SUMMARY JUDGMENT WHEN GENUINE ISSUES OF MATERIAL FACT EXIST CONCERNING WHETHER THE BANK OF NEW YORK IS THE LAWFUL ASSIGNEE OF THE UNDERLYING NOTE AND MORTGAGE DATED JULY 7, 1999, AND THE LOAN MODIFICATION AGREEMENT DATED AUGUST 7, 2003."
 {¶ 6} In their first and second assignments of error, appellants argue that the trial court erred in awarding summary judgment to appellee because appellee was not a party in interest at the time the complaint was filed. In addition, appellants argue that the assignment from America's Wholesale Lender to appellee which was reduced to writing and filed in the trial court after appellee filed its complaint for foreclosure was an insufficient means of advising the court and the parties that appellee was a party in interest. This Court disagrees. *Page 4 
 {¶ 7} Appellate courts review decisions on summary judgment de novo, viewing the facts as most favorable to the non-moving party and resolving any doubt in favor of that party. Grafton v. Ohio EdisonCo. (1996), 77 Ohio St.3d 102, 105; Norris v. Ohio Std. Oil Co. (1982),70 Ohio St.2d 1, 2. Summary judgment is proper if there is no genuine dispute of a material fact so that the issue is a matter of law and reasonable minds could come to but one conclusion, that being in favor of the moving party. Civ.R. 56(C); Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 8} The issue to be determined is whether appellee was the real party in interest or not. Actions must be prosecuted in the name of the real party in interest. The real party in interest has been defined as the party who will directly be helped or harmed by the outcome of the action. The real party in interest must have a real interest in the subject matter of the litigation and not merely an interest in the outcome of the case. Shealy v. Campbell (1985), 20 Ohio St.3d 23, 24. He or she must have some interest in the subject matter of the litigation or be the person who can discharge the claim on which the suit is brought. In re Highland Holiday Subdivision (1971), 27 Ohio App.2d 237,240.
 {¶ 9} If a party is not the real party in interest, the party lacks standing to prosecute the action. State ex rel. Tubbs Jones v.Suster (1998), 84 Ohio St.3d 70, 77. However, an action will not be dismissed on this ground until a reasonable time has been allowed for the real party in interest to ratify the commencement of *Page 5 
the action or to be either joined or substituted as a party. Civ.R. 17(A). The purpose behind Civ.R. 17 is "to enable the defendant to avail himself of evidence and defenses that the defendant has against the real party in interest, and to assure him finality of the judgment, and that he will be protected against another suit brought by the real party in interest on the same matter." Shealy, 20 Ohio St.3d at 24-25.
 {¶ 10} In its motion for summary judgment, appellee argued that appellants were in default in the payment of the promissory note they issued to America's Wholesale Lender and the terms of the mortgage deed given to secure the promissory note. Appellee further asserted that it was the lawful holder of the promissory note and, therefore, had the right to foreclose on the mortgage. In support of its motion, appellee attached the promissory note dated July 7, 1999, from appellants to America's Wholesale Lender; the assignment of the mortgage from America's Wholesale Lender to appellee; and an affidavit from an officer of Countrywide Home Loans, Inc., d/b/a/ America's Wholesale Lender, stating the total amount due and owing from appellants as of March 14, 2005.
 {¶ 11} In their memorandum opposing appellee's motion for summary judgment, appellants argued that appellee did not have a valid assignment of their mortgage when appellee filed its complaint. Appellants also pointed out the fact that the assignment from America's Wholesale Lender to appellee had an effective date of more than five months after appellee filed its complaint for foreclosure. *Page 6 
Appellants further argued that appellee could not legally foreclose on the mortgage in question without seeking and being granted leave of the court to file a supplemental complaint.
 {¶ 12} Although appellants argue that appellee was required to file a supplemental complaint in order to proceed with the foreclosure action, they have failed to cite any case law to support their argument. While it not this Court's job to create appellants' argument for them, this Court has been unable to find any case law to support appellants' position. However, this Court has found case law to support appellee's claim that filing the assignment with the trial court before judgment was entered was sufficient to alert the court and appellants that appellee was the real party in interest. See Campus Sweater andSportswear Co. v. M. B. Kahn Constr. Co., (D.C.S.C. 1979),515 F.Supp. 64, 84-85 (The court held that because the assignment of the cause of action took place a year before trial, that the defendant was not prejudiced by the assignment and that the assignor was effectively precluded from bringing any suit on the cause, assignee was the real party in interest to bring the suit.). See, also, Dubuque Stone Prods.Co. v. Fred L. Gray Co. (C.A.8, 1966), 356 F.2d 718, 723-724 (The court held that insurance agent which was not a party to the contract nevertheless was a real party in interest and could sue for premiums owing on insurance contract in view of an all inclusive assignment from insurer to agent. Assignment was not rendered invalid *Page 7 
by having been made after the filing of the complaint because it was made before trial and defendant showed no prejudice.).
 {¶ 13} In the present matter, appellants have failed to show that they were prejudiced by the assignment. In addition, the assignment did preclude America's Wholesale Lender from bringing an action against appellants. Therefore, this Court finds that appellee was a real party in interest for purposes of filing the foreclosure action. Consequently, the trial court correctly awarded summary judgment in favor of appellee. Appellant's first and second assignments of error are overruled.
 THIRD ASSIGNMENT OF ERROR "THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY GRANTING SUMMARY JUDGMENT WHEN BANK OF NEW YORK FAILED TO JOIN AN INDISPENSABLE PARTY."
 {¶ 14} In their third assignment of error, appellants aver that the trial court erred in entering summary judgment in favor of appellee because appellee failed to join an indispensable party. Specifically, appellants argue that appellee should have named Countrywide Home Loans, Inc., and/or Full Spectrum-Lending, Inc., as a party. For the reasons set forth below, this Court finds that appellants have waived this issue on appeal.
 {¶ 15} Civ.R. 8(C) requires a party to set forth an affirmative defense in a pleading. An affirmative defense also may be raised in a Civ.R. 12(B) motion if no responsive pleading has been filed. A party also may seek to amend its *Page 8 
responsive pleading under Civ.R. 15 to raise an affirmative defense. If the party fails to raise its affirmative defense by use of any of these methods, he or she will waive that defense. Spence v. Liberty Twp.Trustees (1996), 109 Ohio App.3d 357, 362; Civ.R. 12(B) and 12(H).
 {¶ 16} In the present matter, appellants did not assert appellee's failure to join Countrywide Home Loans, Inc., and/or Full Spectrum-Lending, Inc., as a party as an affirmative defense in their answer, nor did they seek to amend their answer to raise such a defense. Therefore, because appellants failed to raise the issue as an affirmative defense, they may not raise it for the first time on appeal. Appellants' third assignment of error is overruled.
 III. {¶ 17} Appellants' assignments of error are overruled. The decision of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27. *Page 9 
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellants.
WHITMORE, P. J.
MOORE, J.
CONCUR
[1] This Court notes that the other parties named in the complaint have been dismissed from the action, so that appellants are the only original defendants remaining parties to the action on appeal. *Page 1