WASHINGTON MUTUAL BANK, FA, Appellee,

v.

WALLACE, Appellant.

[Cite as *Washington Mut. Bank, F.A. v. Wallace*, 194 Ohio App.3d 549, 2011-Ohio-4174.]

Court of Appeals of Ohio,
Twelfth District, Warren County.

No. CA2010–10–103.

Decided Aug. 22, 2011.

550

Thompson, Hine, L.L.P., Scott A. King, and Terry W. Posey Jr., for appellee.

Andrew M. Engel, for appellant.

POWELL, Presiding Judge.

{¶ 1} Defendant-appellant, Betty Wallace, appeals from a decision of the Warren County Common Pleas Court overruling her motion to vacate and her motion for relief from a 2008 default judgment entered against her and in favor of plaintiff-appellee, Washington Mutual Bank ("WaMu"), on WaMu's foreclosure action against Wallace. We affirm.

{¶ 2} In 1999, Wallace purchased a home in the village of Waynesville, Warren County, Ohio by making a $34,000 down payment and financing the balance of the purchase price with Norwest Mortgage, d.b.a. Directors Acceptance. Wallace's promissory note and mortgage were later assigned to Norwest's successor, Wells Fargo Bank, N.A.

{¶ 3} On July 11, 2008, WaMu filed a complaint in foreclosure against Wallace, alleging that it was the holder of Wallace's note and mortgage and that Wallace was in default on the March 2008 payment. On August 14, 2008, Wells Fargo executed a written assignment of Wallace's note and mortgage to WaMu. On August 20, 2008, the trial court granted WaMu's motion for default judgment against Wallace, finding that she was in default on the note and owed WaMu $60,114.11, plus interest of 9.5 per cent per annum from March 2008, "together with advances for taxes, insurance, and otherwise expended [sic], plus costs." The trial court ordered that unless Wallace paid the sums she owed WaMu and the costs of the action within three days from the date of its judgment, Wallace's equity of redemption in the property would be foreclosed, and the sheriff would sell the property.

{¶ 4} On May 11, 2009, Wallace filed a motion to vacate the 2008 default judgment entered against her. Wallace argued that because WaMu failed to establish by documentary evidence that it was the holder of the note and mortgage at the time it filed its 2008 foreclosure action against her, WaMu lacked standing to enforce the note and mortgage. Wallace further argued that because the issue of "standing" is jurisdictional, the trial court's judgment granting WaMu's motion for default judgment against her was void.

{¶ 5} On May 14, 2009, Wallace filed a Civ.R. 60(B) motion seeking relief from the 2008 default judgment, asserting that she was entitled to relief under Civ.R. 60(B)(3) because WaMu falsely represented to the trial court in its 2008 foreclosure complaint that it owned legal title to the note and mortgage in question, and under Civ.R. 60(B)(5) because the portion of the trial court's 2008 judgment entry awarding WaMu "advances for taxes, insurance and otherwise expended [sic]" was vague and/or indefinite as to damages and thus was not final and appealable. She also asserted that she had several meritorious defenses to present if relief was granted, namely, that WaMu lacked standing to bring the 2008 foreclosure

action against her, and that she actually had made the March and April 2008 payments due on her note, but WaMu's predecessor, Wells Fargo, had failed to properly record them.

{¶ 6} After holding a hearing on Wallace's motions, the magistrate issued a decision overruling both of them. On September 24, 2009, the trial court overruled Wallace's objections to the magistrate's decision and adopted it as its own.

{¶ 7} In December 2010, the property at issue was sold at a sheriff's sale for $66,667 to WaMu, which assigned its bid to its successor-in-interest and receiver, JP Morgan Chase Bank, N.A. In January 2011, a journal entry was filed, confirming the sale and distributing the sale proceeds. After payment of superior liens and appropriate fees, WaMu received the balance of the proceeds, $62,929.68.

{¶ 8} Wallace now appeals, assigning the following as error:

{¶ 9} Assignment of Error No. 1:

{¶ 10} "The trial court erred in overruling appellant's motion to vacate judgment."

{¶ 11} Assignment of Error No. 2:

{¶ 12} "The court of common pleas erred in overruling appellant's motion for relief from judgment."

{¶ 13} Before discussing Wallace's assignments of error, we must first address WaMu's argument that because the property at issue was sold at a sheriff's sale (to WaMu) and the sale was confirmed, "all collateral matters" have been rendered moot.

■■ {¶ 14} Generally, appellate courts will not review questions that do not involve "live controversies," and therefore an action must be dismissed if a live controversy does not exist. *Bankers Trust Co. of California v. Tutin*, Summit App. No. 24329, 2009-Ohio-1333, 2009 WL 763994, ¶ 6. See also *Villas at Pointe of Settlers Walk Condo. Assn. v. Coffman Dev. Co., Inc.*, Warren App. No. CA2009–12–165, 2010-Ohio-2822, 2010 WL 2499651, ¶ 8–20; and *U.S. Bank N.A. v. Marcino*, Jefferson App. No. 09–JE–29, 2010-Ohio-6512, 2010 WL 5550678, ¶ 6–15. It is well established that " 'a satisfaction of judgment renders an appeal from that judgment moot.' " *Tutin*, ¶ 8, quoting *Blodgett v. Blodgett* (1990), 49 Ohio St.3d 243, 245, 551 N.E.2d 1249.

■ {¶ 15} "The Ohio Supreme Court has recognized only two exceptions to the mootness doctrine * * *. First, '[a] case is not moot if the issues are capable of repetition, yet evading review.' *In re Appeal of Suspension of Huffer from Circleville High School* (1989), 47 Ohio St.3d 12 [546 N.E.2d 1308], paragraph one

of the syllabus, approving and following *State ex rel. The Repository v. Unger* (1986), 28 Ohio St.3d 418 [28 OBR 472, 504 N.E.2d 37]. A situation is capable of repetition, yet evading review where two elements combine: '(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again.' *Weinstein v. Bradford* (1975), 423 U.S. 147, 149 [96 S.Ct. 347, 46 L.Ed.2d 350]. Second, a court may review a case if it 'involves a matter of public or great general interest.' *In re Appeal of Suspension of Huffer*, 47 Ohio St.3d at 14 [546 N.E.2d 1308]." *Tutin*, 2009-Ohio-1333, 2009 WL 763994, at ¶ 9.

{¶ 16} Wallace asserts that this matter is not moot because R.C. 2329.45 preserves the remedy of restitution in foreclosure proceedings even after the property has been sold at sheriff's sale and the proceeds have been distributed. *Tutin* at ¶ 10. R.C. 2329.45 states:

{¶ 17} "If a judgment in satisfaction of which lands, or tenements are sold, is reversed, such reversal shall not defeat or affect the title of the purchaser. In such case restitution must be made by the judgment creditor of the money for which such lands or tenements were sold, with interest from the day of sale."

{¶ 18} Several appellate districts in this state "have construed R.C. 2329.45 as preserving a remedy for appellants in foreclosure actions even after the property has been sold and the proceeds of the sale have been distributed." *Tutin*, 2009-Ohio-1333, 2009 WL 763994, at ¶ 11, citing *LaSalle Bank Natl. Assn. v. Murray*, 179 Ohio App.3d 432, 2008-Ohio-6097, 902 N.E.2d 88; *Chase Manhattan Mtge. Corp. v. Locker*, Montgomery App. No. 19904, 2003-Ohio-6665, 2003 WL 22927244. "These courts have essentially interpreted R.C. 2329.45 as creating an exception to the mootness doctrine in foreclosure cases." *Tutin* at ¶ 11. The court in *Tutin*, however, was "not persuaded that the language of R.C. 2329.45 can reasonably be construed to maintain a cause of action that has been extinguished by distribution of the proceeds of the sheriff's sale," explaining the reasons for its conclusion as follows:

{¶ 19} "R.C. Chapter 2329, entitled 'Execution Against Property' sets forth the statutory requirements for levying a claim against property and satisfying a lien through sale of the property. This chapter includes the requirements for a sheriff's sale of the property, the confirmation of the sale, and the effect on the deed following the sale of the property. R.C. 2329.45 is included among these provisions.

{¶ 20} "Because both the decree of foreclosure and the order confirming the sheriff's sale may be final and appealable, appeals are taken in foreclosure actions before and after the sheriff's sale of the property. See *Bank One, NA v. Ray*,

Franklin App. No. 04AP907, 2005-Ohio-3277 [2005 WL 1515360], at ¶ 24; *Bank One Dayton, NA v. Ellington* (1995), 105 Ohio App.3d 13, 16 [663 N.E.2d 660]. R.C. 2329.45 provides that, when an appeal is taken from the order confirming the sheriff's sale, the purchaser retains title even if the matter is reversed on appeal. R.C. 2329.45 protects the property rights of the third-party purchaser and provides that the remedy of the party prevailing on appeal of the foreclosure action is limited to restitution from the monetary proceeds of the sale.

{¶ 21} "The plain language of R.C. 2329.45 addresses only a situation in which the property has been sold and title has transferred to a third party. Although other courts have focused on this language, without explanation, they have extended it to situations in which the property has been sold *and* the proceeds of the sale have been distributed. See, e.g., *Murray,* supra. The language of R.C. 2329.45 does not mention the distribution of the proceeds of the sale, however. This statute can only be construed to address appeals that have been taken from the confirmation of sale and the appealing party sought and obtained a stay of the distribution of proceeds pursuant to Civ.R. 62(B) and App.R. 7(A). In those situations, although the property has been sold and the sale confirmed, a successful appellant will have the remedy of restitution because the proceeds of the sale are still held under the jurisdiction and control of the court. R.C. 2329.45 does not even suggest that the appealing party also has a remedy after the distribution of the proceeds of the sheriff's sale, and it cannot reasonably be construed to preserve a controversy that has been extinguished.

{¶ 22} "As there is no language in the statute to justify such a construction, R.C. 2329.45 cannot reasonably be construed to create an exception to the mootness doctrine in foreclosure cases. In foreclosure cases, as in all other civil actions, after the matter has been extinguished through satisfaction of the judgment, the individual subject matter of the case is no longer under the control of the court and the court cannot afford relief to the parties to the action. Because there is no live controversy before this Court, the appeal is dismissed as moot." (Emphasis added.) *Tutin,* 2009-Ohio-1333, at ¶ 13–16.

{¶ 23} In *Marcino,* 2010-Ohio-6512, 2010 WL 5550678, at ¶ 10, the Seventh District Court of Appeals noted that "many districts, including this one, have refused to moot a foreclosure action on appeal in certain situations, even when the judgment has already been satisfied through sale of the property and distribution of the proceeds." However, *Marcino* held that "in most of the cases where appellate courts have refused to moot an already-executed foreclosure judgment, the analysis has stressed additional factors affecting the decision, [including that] *the appellants had at least requested a stay of the foreclosure judgment,* or when confusion has arisen regarding multiple trial court orders." (Emphasis added.) Id. at ¶ 12. The court also noted that "[o]ther districts have

explicitly held that a foreclosure action must be mooted where no stay has been requested." Id. at ¶ 14, citing as examples *Dietl v. Sipka,* 185 Ohio App.3d 218, 2009-Ohio-6225, 923 N.E.2d 692 (the Eleventh District Court of Appeals), and *Tutin* at ¶ 16. *Marcino* also cites this court's decision in *Villas at Pointe of Settlers Walk Condominium Assn.,* 2010-Ohio-2822, and in a parenthetical aside, stated that this court agreed with the reasoning in *Tutin* and *Dietl,* but concluded that the facts in *Villas* were distinguishable from the facts in those two cases. *Marcino* at ¶ 14.

{¶ 24} Here, there is no evidence in the record that Wallace ever requested a stay in the foreclosure proceedings *after* the trial court overruled her motion to vacate and her Civ.R. 60(B) motion for relief from the 2008 default judgment entered against her, but *before* the sheriff's sale of the property in question and the distribution of the sale proceeds. Thus, Wallace's appeal is arguably moot because R.C. 2329.45 does not apply, as the property at issue has been sold and the sale proceeds have been distributed, see *Tutin* at ¶ 11–16, *or* Wallace failed to request a stay of the foreclosure judgment, see *Marcino* at ¶ 14. However, even if Wallace's appeal is *not* moot, she still would not be entitled to prevail on her assignments of error.

{¶ 25} In her first assignment of error, Wallace argues that "a plaintiff's standing is required to vest a common pleas court with subject matter jurisdiction" and that WaMu lacked standing to bring its 2008 foreclosure action against her. Therefore, Wallace contends, the trial court lacked subject-matter jurisdiction over the matter, and thus, the 2008 default judgment issued against her and in favor of WaMu is void. We disagree.

{¶ 26} "Subject matter jurisdiction is a court's power to hear and decide a case on the merits. *Morrison v. Steiner* (1972), 32 Ohio St.2d 86, 61 O.O.2d 335, 290 N.E.2d 841, paragraph one of the syllabus. 'Jurisdiction does not relate to the *rights of the parties,* but to the *power of the court.*' (Emphasis added.) *Executors of Long's Estate v. State* (1926), 21 Ohio App. 412, 415, 153 N.E. 225.

{¶ 27} "A jurisdictional defect cannot be waived. *Painesville v. Lake Cty. Budget Comm.* (1978), 56 Ohio St.2d 282, 10 O.O.3d 411, 383 N.E.2d 896. This means that the lack of jurisdiction can be raised at any time, even for the first time on appeal. See *In re Byard* (1996), 74 Ohio St.3d 294, 296, 658 N.E.2d 735. This is because jurisdiction is a condition precedent to the court's ability to hear the case. If a court acts without jurisdiction, then any proclamation by that court is void. *Patton v. Diemer* (1988), 35 Ohio St.3d 68, 518 N.E.2d 941." *State ex rel. Jones v. Suster* (1998), 84 Ohio St.3d 70, 75, 701 N.E.2d 1002.

{¶ 28} "Standing is a preliminary inquiry that must be made before a court may consider the merits of a legal claim. *Ohio Pyro, Inc. v. Dept. of*

*Commerce,* 115 Ohio St.3d 375, 2007-Ohio-5024, 875 N.E.2d 550, ¶ 27; *Cuyahoga Cty. Bd. of Commrs. v. State,* 112 Ohio St.3d 59, 2006-Ohio-6499, 858 N.E.2d 330, ¶ 22. It is an issue of law, so [appellate courts] review the issue de novo. Id. at ¶ 23. To have standing, a party must have a personal stake in the outcome of a legal controversy with an adversary. *Ohio Pyro,* ¶ 27. This holding is based upon the principle that 'it is the duty of every judicial tribunal to decide actual controversies between parties legitimately affected by specific facts and to render judgments which can be carried into effect. It has become settled judicial responsibility for courts to refrain from giving opinions on abstract propositions and to avoid the imposition by judgment of premature declarations or advice upon potential controversies.' *Fortner v. Thomas* (1970), 22 Ohio St.2d 13, 14, 51 O.O.2d 35, 257 N.E.2d 371. See, also, Section 4(B), Article IV, of the Ohio Constitution." *Kincaid v. Erie Ins. Co.,* 128 Ohio St.3d 322, 2010-Ohio-6036, 944 N.E.2d 207, ¶ 9, opinion modified on reconsideration by *Kincaid v. Erie Ins. Co.,* 127 Ohio St.3d 1550, 2011-Ohio-647, 941 N.E.2d 805.

{¶ 29} Civ.R. 17(A) states:

{¶ 30} "Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his name as such representative without joining with him the party for whose benefit the action is brought. When a statute of this state so provides, an action for the use or benefit of another shall be brought in the name of this state. No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest. Such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest."

{¶ 31} In *Suster,* 84 Ohio St.3d at 77, 701 N.E.2d 1002, the Ohio Supreme Court discussed the relationship between the concepts of "subject matter jurisdiction," "standing," and Civ.R. 17 as follows:

{¶ 32} "Although a court may have subject matter jurisdiction over an action, if a claim is asserted by one who is not the real party in interest, then the party lacks standing to prosecute the action. The lack of standing may be cured by substituting the proper party so that a court otherwise having subject matter jurisdiction may proceed to adjudicate the matter. Civ.R. 17. Unlike lack of subject matter jurisdiction, other affirmative defenses can be waived. *Houser v. Ohio Historical Soc.* (1980), 62 Ohio St.2d 77, 16 O.O.3d 67, 403 N.E.2d 965. Lack of standing challenges the capacity of a party to bring an action, not the subject matter jurisdiction of the court. *State ex rel. Smith v. Smith* (1996), 75

Ohio St.3d 418, 420, 662 N.E.2d 366; *State ex rel. LTV Steel Co. v. Gwin* (1992), 64 Ohio St.3d 245, 251, 594 N.E.2d 616."

{¶ 33} In a footnote attached to the above paragraph, *Suster* noted, "We have held standing to be jurisdictional only in limited cases involving administrative appeals, where parties must meet strict standing requirements in order to satisfy the threshold requirement for the administrative tribunal to obtain jurisdiction. See *Buckeye Foods v. Cuyahoga Cty. Bd. of Revision* (1997), 78 Ohio St.3d 459, 678 N.E.2d 917; *New Boston Coke Corp. v. Tyler* (1987), 32 Ohio St.3d 216, 218, 513 N.E.2d 302."

{¶ 34} Two years before *Suster* was decided, this court stated in *Robbins v. Warren* (May 6, 1996), Butler App. No. CA95–11–200, 1996 WL 227477, *4–5, "The requirement that a suit be prosecuted by the real party in interest is procedural rather than jurisdictional and has been treated by the courts as an affirmative defense to be raised, if at all, by the defendant." This court held in *Robbins* that when the appellants failed to raise their real-party-in-interest objection or defense in the trial court at a time "when the issue could have been effectively dealt with," the objection or defense was "deemed waived." Id. at *5.

{¶ 35} *Suster* "is of questionable precedential value inasmuch as it was a plurality opinion which failed to receive the requisite support of four justices of [the Ohio Supreme Court] in order to constitute controlling law." *Kraly v. Vannewkirk* (1994), 69 Ohio St.3d 627, 633, 635 N.E.2d 323, citing *Duriak v. Globe Am. Cas. Co.* (1986), 28 Ohio St.3d 70, 73, 502 N.E.2d 620 (Clifford F. Brown, J., dissenting). Moreover, as pointed out in *CitiMortgage, Inc. v. Slack*, Cuyahoga App. No. 94899, 2011-Ohio-613, 2011 WL 494884, ¶ 10, fn. 3:

{¶ 36} "[T]here is a split in authority [among the appellate districts in this state] as to whether the issue of standing, or the 'real party in interest' defense, in a foreclosure action may be waived if not timely asserted. See, e.g., *JPMorgan Chase Bank Trustee v. Murphy*, Montgomery App. No. 23927, 2010-Ohio-5285 [2010 WL 4323165], ¶ 19 (standing can be waived); *Mtge. Electronic Registration Sys., Inc. v. Mosley*, Cuyahoga App. No. 93170, 2010-Ohio-2886 [2010 WL 2541245], ¶ 17 (standing is jurisdictional and cannot be waived); *Aurora Loan Servs., L.L.C. v. Car*, Ashtabula App. No. 2009–A–0026, 2010-Ohio-1157 [2010 WL 1057415], ¶ 18 (standing waived); *First Horizon Home Loan Corp. v. Roberts*, Cuyahoga App. No. 92367, 2010-Ohio-60 [2010 WL 117698] (standing waived)."

{¶ 37} On April 6, 2011, the Ohio Supreme Court determined in *U.S. Bank, N.A. v. Duvall*, 128 Ohio St.3d 1443, 2011-Ohio-1618, 944 N.E.2d 693, that a conflict exists as to whether standing in a foreclosure action may be waived if not timely asserted and ordered the parties to brief the following issue:

{¶ 38} " 'To have standing as a plaintiff in a mortgage foreclosure action, must a party show that it owned the note and the mortgage when the complaint was filed?'

{¶ 39} "The conflict cases are *U.S. Bank, N.A. v. Bayless,* Delaware App. No. 09 CAE 01 004, 2009-Ohio-6115 [2009 WL 3920784], *U.S. Bank, N.A. v. Marcino,* 181 Ohio App.3d 328, 2009-Ohio-1178 [908 N.E.2d 1032], *Bank of N.Y. v. Stuart,* Lorain App. No. 06CA008953, 2007-Ohio-1483 [2007 WL 936706], and *Country-wide Home Loan Servicing, L.P. v. Thomas,* Franklin App. No. 09AP–819, 2010-Ohio-3018 [2010 WL 2636887]."

{¶ 40} While *Suster* may not be controlling, we nevertheless find it persuasive and dispositive of this case. When WaMu filed its foreclosure action against Wallace on July 11, 2008, WaMu was not actually the holder of the note and mortgage, and thus was not the real party in interest for purposes of Civ.R. 17(A). However, it is undisputed that WaMu became the real party in interest in the foreclosure action 34 days later on August 14, 2008, when Norwest's successor, Wells Fargo, executed a written assignment of Wallace's note and mortgage to WaMu. Moreover, WaMu became the real party in interest before the trial court entered final judgment in the 2008 foreclosure action. We agree with those courts that have found that under *Suster,* 84 Ohio St.3d at 77, 701 N.E.2d 1002, WaMu's lack of standing was cured after WaMu filed its 2008 foreclosure action, and the trial court did not lack subject-matter jurisdiction to enter default judgment against Wallace and in favor of WaMu. See, e.g., *Bayless,* 2009-Ohio-6115, 2009 WL 3920784, at ¶ 16–23; *Stuart,* 2007-Ohio-1483, 2007 WL 936706, at ¶ 6–13; *Thomas,* 2010-Ohio-3018, 2010 WL 2636887, at ¶ 6–11.

{¶ 41} There is some authority in this state that supports Wallace's argument that the issue of standing is jurisdictional and that a bank that was not the mortgagee when the suit was filed cannot cure its lack of standing to bring the suit by subsequently obtaining an interest in the mortgage. For example, in *Wells Fargo Bank, N.A. v. Jordan,* Cuyahoga App. No. 91675, 2009-Ohio-1092, 2009 WL 625560, the Eighth District Court of Appeals held that the mortgagee bank lacked standing to bring a foreclosure action because it owned neither the note nor the mortgage at the time it filed its foreclosure action. See also *Wells Fargo Bank, N.A. v. Byrd,* 178 Ohio App.3d 285, 2008-Ohio-4603, 897 N.E.2d 722 (First District Court of Appeals). These courts have found that Civ.R. 17(A) is inapplicable in cases where the plaintiff is not the proper party to bring the action and thus lacks standing to do so, and therefore may not invoke the jurisdiction of the court. Id. at ¶ 9 and *Jordan* at ¶ 20–26. However, we find *Suster* and the cases that have followed it to be the better-reasoned approach. Therefore, we conclude that the fact that WaMu did not become the real party in interest in the 2008 foreclosure action until 34 days after WaMu commenced the action but

before final judgment was entered in that action did not deprive the trial court of subject-matter jurisdiction to enter default judgment against Wallace and in favor of WaMu.

{¶ 42} In light of the foregoing, Wallace's first assignment of error is over-ruled.

{¶ 43} In her second assignment of error, Wallace argues that the trial court erred in overruling her Civ.R. 60(B) motion for relief from the 2008 default judgment. First, she asserts that she was entitled to relief from judgment under Civ.R. 60(B)(3) because WaMu engaged in misconduct or fraud in the 2008 foreclosure action by misrepresenting that it was the holder of the note and mortgage when it filed its foreclosure action against her on July 14, 2009, which, in turn, led the trial court to exercise jurisdiction over WaMu's foreclosure action that, Wallace claims, the trial court did not possess. This argument lacks merit.

{¶ 44} Contrary to what Wallace asserts, the trial court *did* have subject-matter jurisdiction to rule on WaMu's foreclosure action against Wallace. See *JPMorgan Chase Bank Trustee v. Murphy*, Montgomery App. No. 23927, 2010-Ohio-5285, 2010 WL 4323165, at ¶ 22–23 (Froelich, J., concurring) (the General Division of the Common Pleas Court has the power and authority, i.e., the subject matter jurisdiction, to grant foreclosure judgments). Moreover, while WaMu initially lacked standing to bring the foreclosure action against Wallace, standing is not jurisdictional, and WaMu's lack of standing was cured when Wells Fargo executed a written assignment of the note and mortgage to WaMu 34 days after WaMu filed its 2008 foreclosure action against Wallace but before final judgment was entered in that action. Additionally, WaMu's conduct did not prevent Wallace from presenting a defense to WaMu's foreclosure action—in fact, Wallace did not answer WaMu's foreclosure complaint at all. Consequently, we reject Wallace's contention that she was entitled to relief from judgment under Civ.R. 60(B)(3).

{¶ 45} Wallace also asserts that she was entitled to relief from judgment under the "catch-all" provision in Civ.R. 60(B)(5) because the trial court's 2008 judgment entry granting WaMu a default judgment against her was void for vagueness and not a final order, since the judgment entry "did not specify the amount awarded for 'advances for taxes, insurance, and otherwise.'" She contends that the trial court's failure to specify in its judgment entry the amount due prevented her from exercising her right of redemption, by preventing her from selling the property to one of her friends, which Wallace contends would have allowed her to mitigate her and WaMu's damages.

{¶ 46} In support of her argument, Wallace cites *NovaStar Mtge., Inc. v. Akins*, Trumbull App. No. 2007–T–0111, 2008-Ohio-6055, 2008 WL 4964323, ¶ 58,

in which the Eleventh District Court of Appeals held that if a defendant in a foreclosure action could not reasonably determine his or her obligations under a trial court's foreclosure judgment entry, then the judgment is "void" for uncertainty. However, the Eleventh District later modified *Akins* in *Geauga Savs. Bank v. McGinnis,* Trumbull App. No. 2010–T–0052, 2010-Ohio-6247, 2010 WL 5289024, ¶ 18, stating that vagueness in a judgment entry in foreclosure actions merely renders the judgment voidable, not void.

{¶ 47} This court was confronted with a similar issue in *First Horizon Home Loans v. Sims,* Warren App. No. CA2009–08–117, 2010-Ohio-847, 2010 WL 764058. In that case, the mortgagor challenged the trial court's foreclosure judgment entry on the ground that it did not include amounts for additional allowances for "late fees, advances made on appellant's behalf, or costs and expenses incurred for the enforcement of the note and mortgage." This court rejected that argument, finding that "it would be impractical to require [the mortgagee] to state with specificity the total amount due for additional charges in its affidavit in support of summary judgment" because the amounts mentioned by the mortgagor would be accruing continuously through the date of the sheriff's sale. Id. at ¶ 25.

{¶ 48} In *Huntington Natl. Bank v. Shanker* (May 21, 1998), Cuyahoga App. No. 72707, 1998 WL 269091, *2, the court rejected an argument similar to the one raised by Wallace in this case, stating, "It would be beyond reason to hold a trial court or magistrate to a standard that insists they state a definite sum of redemption," and that "[a]s long as the redemption value of a foreclosed property is ascertainable through normal diligence, the value, as stated by a finder of fact, will be upheld."

{¶ 49} In light of *Sims* and *Shanker,* we conclude that the trial court's judgment entry was not void for vagueness and did not render the trial court's judgment entry as being not final and appealable. Moreover, Wallace waived any objections she may have had under *Akins,* as modified by *McGinnis,* by not bringing a direct appeal from the trial court's 2008 judgment entry granting default judgment against her, since under *McGinnis,* an *Akins* violation renders a foreclosure judgment merely "voidable" rather than "void."

{¶ 50} Accordingly, Wallace's second assignment of error is overruled.

Judgment affirmed.

HENDRICKSON and PIPER, JJ., concur.