[Cite as *Wright v. Bank of New York*, 2012-Ohio-2289.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

JOHN WRIGHT, et al.

    Appellants

    v.

BANK OF NEW YORK, et al.

    Appellees

C.A. No.     25842

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2010 07 5203

DECISION AND JOURNAL ENTRY

Dated: May 23, 2012

---

BELFANCE, Presiding Judge.

{¶1} John Wright and Lynette Wright appeal the trial court's dismissal of their complaint for failure to state a claim. For the reasons set forth below, we affirm.

I.

{¶2} Mr. Wright and Mrs. Wright obtained a loan on June 30, 1998, from Countrywide Home Loans, Inc. The loan was secured by a first mortgage on property owned by the Wrights. In February 2001, Countrywide transferred the loan to the Bank of New York. Bank of New York transferred the loan back to Countrywide in April 2004.

{¶3} Bank of New York initiated a foreclosure action in Summit County Court of Common Pleas against the Wrights on December 27, 2006, representing that it was the holder of the June 30, 1998 loan. However, Countrywide did not assign the loan to Bank of New York until March 8, 2007. After Bank of New York initiated the foreclosure, the Wrights apparently had a discussion with Countrywide about the action, and Countrywide informed them that they

needed to obtain a new loan to pay off the mortgage in order to settle the foreclosure action. The Wrights obtained a new, longer-term loan with a significant increase in their monthly payments. Bank of New York subsequently dismissed the case.

{¶4} The Wrights filed a complaint alleging that Countrywide, Bank of New York, the law firm of Shapiro & Felty, which had represented the Bank of New York during the foreclosure, and Brian Gutkoski, an attorney at Shapiro & Felty who had handled the foreclosure, were negligent in filing the action. They also alleged that Countrywide had breached its fiduciary duty to them and had committed fraud. The complaint also contained an allegation that Countrywide and Bank of New York had conspired against the Wrights.

{¶5} All of the defendants filed motions to dismiss for failure to state a claim. The trial court granted the motions, determining that Mr. Wright and Mrs. Wright had failed to specifically plead their allegation of fraud and that none of the parties were negligent because Bank of New York could initiate the foreclosure proceeding under this Court's precedent of *Bank of New York v. Stuart*, 9th Dist. No. 06CA008953, 2007-Ohio-1483. It also determined that the Wrights could not demonstrate that Mr. Gutkoski and Shapiro & Felty were negligent because the Wrights were not their clients, were not in privity with their clients, and had not alleged that they had acted maliciously.

{¶6} The Wrights have appealed the trial court's dismissal of their claims of fraud, conspiracy to commit fraud, and their negligence claims against Bank of New York and Countrywide, raising five assignments of error for our review. We have rearranged their assignments of error for ease of discussion.

## STANDARD OF REVIEW

**{¶7}** The trial court granted the defendants' motions to dismiss for failure to state a claim. We review a trial court's decision to dismiss a complaint pursuant to Civ.R. 12(B)(6) de novo. *Ohio Bur. of Workers' Comp. v. McKinley*, 130 Ohio St.3d 156, 2011–Ohio–4432, ¶ 12.

> In order for a trial court to dismiss a complaint under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted, it must appear beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to the relief sought. The allegations of the complaint must be taken as true, and those allegations and any reasonable inferences drawn from them must be construed in the nonmoving party's favor.

(Internal citations and quotations omitted.) *Id.*

## ASSIGNMENT OF ERROR II

> THE TRIAL COURT ERRED AS A MATTER OF LAW IN DISMISSING APPELLANTS' CLAIMS OF NEGLIGENCE AS ALLEGED IN COUNTS I AND II OF THE COMPLAINT AS COUNTRYWIDE HOME LOANS WAS [THE] REAL PARTY IN INTEREST.

**{¶8}** The Wrights argue that the trial court misapplied this Court's holdings in *Stuart* and *Deutsche Bank Natl. Trust Co. v. Traxler*, 9th Dist. No. 09CA009739, 2010-Ohio-3940, when it determined that Bank of New York was the real party in interest in the foreclosure suit and consequently the Wrights could not state a claim against Countrywide for negligence.

**{¶9}** We initially note that the facts of this case are unique due to how narrowly the Wrights drew their allegations of negligence in their complaint. In their complaint, they alleged that the defendants were negligent because they knew or should have known that Bank of New York was not the real party in interest in the foreclosure action. "To prevail in a negligence action, the plaintiff must show (1) the existence of a duty, (2) a breach of that duty, and (3) an injury proximately resulting from the breach." *Robinson v. Bates*, 112 Ohio St.3d 17, 2006-Ohio-6362, ¶ 21. The trial court determined, based on this Court's holdings in *Traxler* and *Stuart*, that Bank of New York was the real party in interest in the foreclosure action. Therefore,

none of the defendants acted improperly given that Bank of New York could lawfully bring a foreclosure action even though the assignment of the note and mortgage from Countrywide to Bank of New York had not occurred at the time of filing the foreclosure.

{¶10} As the trial court noted in its judgment entry, this Court has held that "a bank need not possess a valid assignment at the time of filing suit so long as the bank procures the assignment in sufficient time to apprise the litigants and the court that the bank is the real party in interest." *Traxler*, 2010-Ohio-3940, at ¶ 11, citing *Stuart*, 2007-Ohio-1483, at ¶ 12. The Wrights alleged that, prior to the dismissal in their case, Countrywide assigned the loan to Bank of New York.

{¶11} Though the Wrights point to decisions from other districts that have come to different conclusions from *Stuart* and *Traxler*, those decisions are not the law of this district, and we are compelled to apply our precedent. According to the Wrights, *Stuart* is distinguishable because they were not in default while "there was no issue that the defendants [in *Stuart*] were * * *." However, in their complaint, the Wrights do not allege that they were not in default, and, furthermore, their claims of negligence were founded upon the allegation that Bank of New York lacked standing to initiate foreclosure because it was not the holder of the loan when it initiated the foreclosure action.

{¶12} The trial court did not err when it determined that the Wrights could not state a claim for negligence against Bank of New York based upon the allegation that Bank of New York was not the real party in interest at the time it filed the foreclosure action. Accordingly, the Wrights failed to allege sufficient facts that, if accepted as true, would constitute grounds for relief.

{¶13} The Wrights' second assignment of error is overruled.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED AS A MATTER OF LAW IN DISMISSING APPELLANTS' CLAIM OF NEGLIGENCE AGAINST COUNTRYWIDE AND THE BANK OF NEW YORK OF NEW[ ]YORK WHEN THE MERE FILING OF THE COMPLAINT WHEN THE DEFENDANTS WERE NOT IN DEFAULT CONSTITUTED NEGLIGENCE.

{¶14}  The Wrights argue in their first assignment of error that the trial court incorrectly dismissed Count V of their complaint.  Because the Wrights confine their arguments to Count V, we confine our analysis to that count of the complaint.  *See* App.R. 16(A)(7).  We also note that, although their first assignment of error refers to Bank of New York, Count V is solely a claim against Countrywide.

{¶15}  The Wrights concede that "Count V may not be the most articulate written by counsel" but argue that they had pled sufficient facts to survive a motion to dismiss.  Count V of the complaint is as follows:

> [The Wrights] allege and incorporate by reference each and every averment and allegation contained in [the] paragraphs [above] as if fully rewritten herein.
>
> Subsequent to it[s] filing, [Countrywide] was notified of the foreclosure lawsuit by the Wrights.
>
> Countrywide upon learning of the filing of the foreclosure lawsuit failed to inform the Wrights of the error and instead conspired with the other named [d]efendants to conceal the fact of the original error.
>
> As a result of [Countrywide's] negligent actions, the [Wrights] have suffered direct and substantial economic damage, which continues to this date.

{¶16}  The Wrights argue that "the original error[]" referenced is the fact they alleged in paragraph 16 of their complaint that "Countrywide knew or should have known that the foreclosure action was improper."  The only factual basis upon which the Wrights relied to allege that the action was improper was the allegation that Countrywide should have known that Bank of New York did not have standing to sue.   Read in context, Count V alleges that Countrywide

had a duty to inform the Wrights that Bank of New York was not the holder of the loan when Bank of New York initiated the foreclosure action. The Wrights have cited no authority, and this Court has discovered none, that sets forth such a duty. Furthermore, as discussed above, Bank of New York and Countrywide behaved in a manner allowed by the precedent of this Court.

{¶17} The Wrights first assignment of error is overruled.

ASSIGNMENT OF ERROR IV

THE TRIAL COURT ERRED AS A MATTER OF LAW IN DISMISSING THE WRIGHTS' CLAIMS FOR FRAUD[.]

{¶18} The Wrights argue that the trial court incorrectly determined that they had failed to plead fraud with particularity as required by Civ.R. 9(B). We disagree.

{¶19} In order to demonstrate fraud, a plaintiff must demonstrate

(a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance.

(Internal quotations and citation omitted.) *Cohen v. Lamko, Inc.*, 10 Ohio St.3d 167, 169 (1984). "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Civ.R. 9(B). "The circumstances constituting fraud, as that phrase is used in Rule 9(B), include the time, place, and content of the false representation; the fact misrepresented; the identification of the individual giving the false representation; and the nature of what was obtained or given as a consequence of the fraud." (Internal quotations and citations omitted.) *Hamblin v. Daugherty*, 9th Dist. Nos. 06CA0109-M, 06CA0112-M, 2007-Ohio-5893, ¶ 20.

{¶20} The Wrights allege in their complaint that the defendants "at all times relevant represented * * * that [Bank of New York] was the holder of the note and mortgage at the time of filing of the foreclosure[ and] knew such representations were false." However, the Wrights do not allege that the defendants made this representation with intent to mislead the Wrights, and, furthermore, given this Court's precedent in *Stuart* and *Traxler*, we cannot conclude that, to the extent that this representation was false, it was material to the foreclosure action because Countrywide assigned the loan prior to the case being dismissed. *See Stuart*, 2007-Ohio-1483, at ¶ 12.

{¶21} The Wrights' fourth assignment of error is overruled.

### ASSIGNMENT OF ERROR V

THE TRIAL COURT ERRED AS A MATTER OF LAW IN DISMISSING THE WRIGHTS'[ ]CIVIL CONSPIRACY CLAIMS.

{¶22} The Wrights concede that, if they did not have a negligence claim against at least one of the defendants, the trial court did not err by dismissing the conspiracy claim. *See Williams v. Aetna Fin. Co.*, 83 Ohio St.3d 464, 475 (1998) ("An underlying unlawful act is required before a civil conspiracy claim can succeed."). However, the Wrights pleaded conspiracy to commit fraud. Nevertheless, as discussed above, they have failed to state a claim for fraud and, thus, have not pleaded an underlying unlawful act. Accordingly, the trial court did not err in dismissing the conspiracy to commit fraud claim. *See id*.

{¶23} The Wrights' fifth assignment of error is overruled.

ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED AS A MATTER OF LAW BY INVOKING THE
ECONOMIC LOSS RULE TO BAR RECOVERY.

**{¶24}** Due to our resolution of the Wrights' first, second, fourth, and fifth assignments of error, this assignment of error is moot. Therefore, we do not address it. *See* App.R. 12(A)(1)(c).

III.

**{¶25}** The Wrights' first, second, fourth, and fifth assignments of error are overruled, and their third assignment of error is moot. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

                                        _____

                                        EVE V. BELFANCE
                                        FOR THE COURT


WHITMORE, J.
DICKINSON, J.
<u>CONCUR.</u>


<u>APPEARANCES:</u>

LARRY D. SHENISE, Attorney at Law, for Appellants.

ANTONIO J. SCARLATO, Attorney at Law, for Appellee.

KIMBERLY Y. SMITH RIVERA and JAMES S. WERTHEIM, Attorneys at Law, for Appellees.

ERIN T. DEIGHTON, Attorney at Law, for Appellee.